## WILHELM v. CEDAR COUNTY.

1. **Board of Supervisors:** COLLECTION OF TAXES. The board of supervisors may employ a special agent or attorney to assist in the collection of taxes not collectible by the county treasurer in the discharge of his duty.

2. ———: ———: RATIFICATION OF CONTRACT. Ratification of a contract for compensation with such agent, made by the treasurer and county attorney, cannot be inferred from the fact that the treasurer reported it to the board, who acquiesced therein.

*Appeal from Cedar District Court.*

FRIDAY, DECEMBER 13.

ACTION upon an alleged special contract for services rendered by plaintiff to defendant. In 1869 the board of supervisors of the defendant county passed a resolution which is in these words:

"*Resolved,* That B. Wilhelm, appointed by the board to collect delinquent taxes, be hereby instructed to take counsel of our legal attorney, and proceed in accordance with his directions in all matters in collecting said taxes."

Afterward the county attorney and county treasurer, with the understanding upon their part, derived in some way in which they cannot now explain, that they were authorized to fix the plaintiff's compensation, agreed to give him the interest on certain delinquent taxes due from persons not known to have any property, and which taxes were collectible only by obtaining the promissory notes of the persons. The plaintiff's compensation was to be paid to him when the notes should be collected. A list of names of tax payers from whom taxes could be collected only in the way above described was given to the plaintiff, and he rendered valuable service to the county in obtaining promissory notes from such tax payers, which notes were afterward paid. The amount which became due the plaintiff under the terms of his employment,

if valid, was three hundred and three dollars and eighty-five cents, for which the court gave the plaintiff judgment. The ·defendant appeals.

*Sylvanus Yates,* for appellant.

*Piatt & Carr,* for appellee.

ADAMS, J.—I. It is insisted by the county that the law makes no provision for the collection of taxes except through the treasurer and his deputy, and that the board of supervisors had no power to employ a special agent or attorney for that purpose. It is made by statute the duty of the treasurer to receive taxes voluntarily paid, and to enforce the payment of all other taxes where it can be done by sale of property. Here we think his duty in this respect ends. Yet it seems that the defendant county found it practicable in some instances to collect taxes from delinquent tax payers from whom forcible collections could not be made. It succeeded in obtaining their promissory notes, which were afterward paid. Now, because the statute does not expressly authorize the board of supervisors to employ a special agent or attorney to assist in the collection of taxes not collectible by the county treasurer in the discharge of his duty, it does not follow that they may not have the implied power to do so. They have the power "to represent their respective counties, and to have the care and the management of the property and business of the county in all cases where no other provision is made." Revision, § 312; Code, § 303. It is the business of the county to collect taxes, and to use all reasonable means to do it. We think, therefore, the board of supervisors had the power to employ the plaintiff to render the service in question.

II. We think they did appoint him to render the service in question. No other proper construction can be given to the resolution above set out. It is in evidence that there had been at least a previous attempt to appoint him, and if the appoint-

*1. BOARD of supervisors: collection of taxes.*

Wilhelm v. Cedar County.

ment was not valid the resolution would make it so as a recognition and ratification.

III. The resolution, however, does not fix the compensation, and that is one of those things which we are inclined to think the supervisors could not delegate. Whether so or not it does not appear that they attempted to delegate it. The provision that the plaintiff should receive counsel and directions from the county attorney has nothing to do with the compensation. The plaintiff relies upon ratification. The treasurer testifies that he reported everything in his monthly reports. Perhaps we should assume that he reported in full the contract with the plaintiff. It is insisted that if he did, and the board acquiesced in it, such acquiescence would be a ratification.

2. ——: ——: ratification of contract.

In Dillon on Municipal Corporations, § 385, the author says: "Ratification may be inferred from acquiescence after knowledge of all the material facts." If we should concede that the doctrine enunciated would apply to a case of this kind, it should appear that the board had knowledge of all the material facts. It should not only appear that the treasurer reported the contract in full, but that the board examined the report upon this point. We cannot assume that they did, and there is no evidence respecting it. We think, therefore, the plaintiff has failed to establish a special contract with the board with regard to compensation; but we see no reason why he may not recover what he can show that his services were reasonably worth.

REVERSED.