FAWCETT v. WOODBURY COUNTY.

1. **County Officer**: COMPENSATION: POWER OF BOARD OF SUPERVI-
   SORS OVER. Where the compensation of a county or township officer
   is provided for by statute, the board of supervisors has no power to
   increase or change such compensation.

*Appeal from Woodbury District Court.*

SATURDAY, DECEMBER 11.

ACTION to recover compensation as deputy treasurer and
collector of delinquent taxes. The plaintiff was appointed
deputy treasurer of Woodbury county by one Kent, treasurer
of the county, under section 859 of the Code. He entered
upon and discharged the duties of his office, and has been
paid the five per cent allowed by statute on the amount col-
lected. This action is brought to recover five per cent in ad-
dition to the amount allowed by statute, and upon the alleged
ground that the board of supervisors of the county agreed
to give him such extra compensation.

The defendant denies that the board of supervisors made
such agreement, and avers moreover that if such agreement
was made it would be *ultra vires*. There was a trial without
a jury, and judgment for the plaintiff. The defendant ap-
peals.

*S. M. Marsh* and *M. B. Davis*, for appellant.

*Fawcett & Pardoe*, for appellee.

ADAMS, CH. J.—Section 303, subdivision 14, of the Code,
provides that the board of supervisors has power to fix the

1. COUNTY OF-
FICER: com-
pensation of:
power of
board of su-
pervisors
over.

compensation of all services of county and town-
ship officers not otherwise provided for by law.
It seems clear that where the compensation is
provided for by law the board of supervisors
cannot increase it. This appears not only from the fact that

the power is not given, but is excluded by implication. Moreover, where compensation for public service is provided for by law, it must be conclusively presumed, we think, in the absence of any other provision, to be sufficient.

It may be that the five per cent provided by law, in the case at bar, was not sufficient to compensate *the plaintiff*. But if not he should have resigned. We must presume that the amount provided was sufficient to command the requisite service from somebody.

It is said, however, that the power of the board of supervisors to give more compensation than is provided for by law was determined in *Hawk v. Marion County*, 48 Iowa, 472, and *Wilhelm v. Cedar County*, 50 Iowa, 254.

In the former case it was held that the board might offer a reward for the recovery of money stolen from the county, and in the latter case that the board might employ a special agent to obtain promissory notes from taxpayers, from whom taxes could not be collected by any compulsory process, and that the county should pay such agent what his services were reasonably worth. The compensation in neither of those cases had been provided for by law. The power to grant compensation arose as an incident to the exercise of other powers. But no such power can be said to arise incidentally where the board has been relieved from the exercise of the power by an express provision.

In our opinion the court erred in allowing a recovery.

REVERSED.