## FAWCETT v. EBERLY ET. AL.

1. **Officer:** DE FACTO: COMPENSATION. Where a party was employed by private persons to render services in the capacity of deputy collector and treasurer, and was permitted to render the services in that capacity, he can only recover therefor the compensation allowed by law; and an agreement by such persons, to pay him a greater compensation for such services than that fixed by statute, was absolutely void.

*Appeal from Woodbury Circuit Court.*

FRIDAY, JUNE 9.

The plaintiff seeks by this action to recover of the defendants for certain services performed in collecting delinquent taxes for Sioux City Township in Woodbury County. There was a demurrer to the petition which was sustained. The plaintiff refused to plead over and the petition was dismissed at his costs. He appeals.

*L. S. Fawcett,* for himself

*Joy & Wright* and *Geo. W. Wakefield,* for appellees.

ROTHROCK, J.—As the cause was determined upon demurrer it is necessary that the averments of the petition be set forth in the opinion; they are as follows:

"That on the 10th day of March, 1876, there was due and unpaid and owing in the County of Woodbury, State of Iowa, a large amount of delinquent taxes upon property situated in Sioux City Township for the years 1863 to the year 1875.

That said taxes were general and were delinquent, and payable for State, county, municipal, school and other purposes, required by law. That the treasurer of said county had repeatedly tried to collect said taxes but was unable to do so. That on the 18th day of January, 1876, plaintiff was appointed and acted as deputy treasurer and assistant collector of delinquent taxes for Woodbury county under section 859 of the Code of 1873, to collect delinquent taxes throughout said county for the years 1863 to 1874, inclusive. That said county is composed of a large number of townships, in all of which were large amounts of said delinquent taxes, and for the collection of which plaintiff had been appointed as aforesaid. That upon said 10th day of March, 1876, plaintiff duly tendered his resignation as such officer, for that the compensation allowed by law for services and duties set out in said section 859 was wholly inadequate, and plaintiff then refused to proceed any further under said appointment. That subsequently, and upon said day as aforesaid, these defendants orally requested plaintiff to make collections of said taxes for said Sioux City Township, and also to do other services, to-wit: Whatever was necessary in ascertaining what part of said taxes were collectible, and what were not, and to correct errors made during a series of years prior thereto, to-wit: from the years 1863 to 1874, inclusive; in the giving and not giving of receipts for taxes that had been paid, and to correct and bring up the different tax books accordingly, and to investigate and adjust so far as practicable all complaints made by tax payers, and generally to do whatever plaintiff deemed necessary and proper to be done in the premises.

That by reason of said oral requests and relying upon defendants' good faith in the premises, and relying upon defendants' oral promises to pay him what his services were reasonably worth, plaintiff refrained from resigning the office aforesaid, and entered upon the performance of the duties above set out by the defendants, all of which plaintiff faithfully and

to the best of his ability performed. That after said oral re-quest made by defendants, plaintiff entered upon the discharge of the duties aforesaid, and did prior to the 5th day of June, 1879, collect of said delinquent taxes as aforesaid, upon the property situate in Sioux City Township aforesaid, the sum of $5,045.35, and paid the same to the treasurer of said county.

That if defendants had not made said oral requests, plaintiff would not have performed said services or any part thereof. That said services were performed at and in pursuance of said defendants' oral request. That at the time said oral requests were made defendants were free holders in said county, and defendant Follett was a free holder in said township, and defendants held and owned large amounts of taxable property situate in said county, and have so done for many years next prior to the year 1876, and during said year, and do now, and have so held and owned large amounts of taxable property in said county ever since the year 1876, and said defendants have paid to the treasurer of said county a large amount of general taxes thereon for each of the years from 1876 to this time, and so continue to do. That said property of said Follett is mostly situate in said township. That said taxes so collected were for State, county, municipal, school and other general puproses authorized by law. That said defendants, at the time said requests were made, had a direct pecuniary interest in having said taxes collected and said duties performed. That plaintiff was put to great trouble and expense in and about the discharge of his duties aforesaid, and a great amount of time was spent in listening to grievances of tax-payers and in devising and executing measures for their relief.

That said collections were mostly made in small amounts, running from fifty cents to twenty dollars each. That plaintiff is entitled to receive a reasonable compensation for his services as above set out.

That the sum of fifteen per cent on the amount collected is a reasonable compensation, and plaintiff is entitled to receive that amount.

That plaintiff has received on this said compensation and in part payment thereof the sum of five per cent or $252.26. That there is still due and uncollected from defendants the sum of ten per cent of the amount collected, or in all, the sum of $504.52, with interest thereon at six per cent per annum from the 5th day of June, 1879, for which plaintiff asks judgment and for costs.

The following is a copy of the demurrer:

"The facts stated in the petition do not entitle the plaintiff to the relief demanded in this:

1. "The petition shows that plaintiff seeks to recover for services as a public officer, upon an alleged contract to pay other and higher fees than those allowed by statute, in violation of law and contrary to public policy, and the alleged contract is therefore void.

2. "The petition shows that there is no consideration for the alleged contract, and the same is therefore void.

3. "That the contract upon which the plaintiff seeks to recover is an oral contract, and void as being the promise to pay the debt of another.

4. "The petition shows that the plaintiff has already been paid the full amount of compensation fixed by statute for the services alleged to have been rendered by the plaintiff."

In *Fawcett v. Woodbury County,* 55 Iowa 154, we held that the board of supervisors had no power to increase or change the compensation of the plaintiff, because his compensation was fixed by statute. It is said that the claim made in this action is for part, at least, of the same service for which compensation was claimed in the case cited. It would seem that if the plaintiff could not recover of the county upon a contract for compensation in excess of that fixed by law, he ought not to be allowed to recover of private persons upon such a contract. But the plaintiff claims that the statute makes no provision for the services he alleges he performed.

1. OFFICER: de facto : compensation.

That a deputy treasurer and collector under section 859 of

the Code is appointed yearly to collect the delinquent taxes for the preceding year. He says that a deputy collector of delinquent taxes other than one appointed for the collection of each years' tax after the same becomes *delinquent*, is an officer unknown to the law. He is only an officer *de facto* and no compensation is provided by law for any services whatever, that he may render.

But before there can be an officer in fact *or de facto* there must be some office known to the law which some person could legally hold.

The plaintiff was either a deputy collector and treasurer, lawfully appointed and his compensation fixed by law, or he was a mere intermeddler who upon the employment of two private persons entered the treasurer's office and performed the services for which he claims compensation. Such an interference with the duties of the officer charged with the collection and disbursement of the public revenue cannot be sanctioned nor upheld.

We think the demurrer was correctly sustained upon the first ground stated. The plaintiff was permitted to perform these services as deputy collector and his contract with the defendants is void.

AFFIRMED.