## WILLSON v. HARRIS BROS.

1. **Pleading:** AMENDMENT TO PETITION ALONG WITH ANSWER TO COUNTER-CLAIM: OBJECTION TOO LATE ON APPEAL. Where plaintiff improperly set up matter in the nature of an amendment to his petition in connection with his answer to a counter-claim, a motion to separate should have been made and sustained on the trial; but, no such motion having been made, objection to the irregularity cannot be made for the first time on a trial *de novo* in this court.

*Appeal from Poweshiek District Court.*

SATURDAY, MARCH 20.

IN July, 1879, plaintiff executed to defendants his promissory note for $1,000, and to secure the same gave them a mortgage of certain real estate. He also assigned to

them two promissory notes executed by one Geo. W. Smith. He alleges in his petition that at the time of this transaction he was indebted to defendants to the amount of several hundred dollars on account, and that he gave said note and mortgage and assigned the George W. Smith notes to them, for the purpose of securing said indebtedness; also that since that transaction he has delivered. to them property more than sufficient to satisfy the indebtedness, and he prays for an accounting, and that the defendants be required to cancel said mortgage and surrender said notes, and that he have jugdment for any amount which might be foun'd due him. Defendants alleged in their answer that said $1,000 note and the mortgage securing it were given, and the Smith notes were assigned, to them as security for such indebtedness as should thereafter accrue from plaintiff to them, as well as for a then existing indebtedness; and they deny that the indebtedness so secured to them has been paid, but allege that a large amount remains due thereon; and in a cross-petition they prayed for judgment for the amount due them, and for a foreclosure of the mortgage given to secure said $1,000 note. The cause was tried to a referee, and on his finding the district court entered judgment for plaintiff for $391.12; also canceling said mortgage. Defendants appeal.

*Haines, Lyman & Howell*, for appellants.

*A. W. Ballard*, for appellee.

REED, J.—The evidence shows that defendants undertook to advance whatever amounts might be required as margins on a contract for the purchase by plaintiff for future delivery of 750 barrels of pork. The contract was made by a commission merchant in Chicago. He was directed by defendants to make the purchase, but the contract was made for plaintiff's benefit. The $1,000 note and mortgage were given, and the George W. Smith notes were assigned in part,

as security for the amounts which defendant might be required to advance as magins on said contract. By the terms of the contract of purchase the pork was to be delivered on the first day of October. On the sixteenth of September, however, defendants directed the commission merchant to close out the deal, and, in obedience to this direction, he, on that day, disposed of the contract, realizing a small profit in the transaction, the amount of which he passed to defendants' credit. Between that date and the first of October there was a material advance in the price of pork, so that if the purchase had been carried to that date a much larger profit would have been made in the transaction. Plaintiff claims that defendants' agreement was that they would make the necessary advances for carrying the pork to that date, and that they violated their agreement in ordering the deal to be closed out at the earlier date; and by the finding of the referee, and the judgment, he is awarded the sum of $931.25 as damages on this claim. Counsel for defendants contend that this allowance is erroneous, because (1) the claim on which it was made was not pleaded in such manner as to entitle plaintiff to a recovery thereon; and (2) it is not supported by the evidence. Plaintiff's original petition contains no allegations on which the allowance in question can be sustained. But the transaction on which the claim is based is pleaded by the defendants in their answer and cross-petition; and in the statement of their account, which they attached as an exhibit to their pleadings, they charge plaintiff with the amounts advanced by them as margins on the contract, and give him credit with the sum realized from the sale. Plaintiff filed a pleading denominated a reply, in which various matters are pleaded in defense of the claim set up by the defendants in their cross-petition. The nineteenth division or paragraph of this pleading is as follows: " Plaintiff, further answering the defendants' cross-petition, comes now and presents this his cause of action as an amendment to his original bill or petition, or cross-bill to

defendants' answer, or as a counter-claim or set-off thereto, as follows." Following this, among other matters, is a statement of the contract between the parties with reference to the advancement by defendants of the margins which might be required under said contract, and the facts constituting the alleged breach of that contract, and a statement of the damages resulting from such breach; and the pleading closes with a prayer for judgment for such sum as should be found due the plaintiff, and for general relief.

The point insisted on by counsel is that it was not competent for plaintiff to set up in his reply a claim for damages distinct from the claim made in his original petition, and that the claim in question should have been disregarded because it was pleaded only in the reply. The answer to this position is that, while the claim in question was set up for the first time in the pleading denominated a reply, it was not pleaded in reply to any claim contained in the answer or cross-petition, but by way of amendment to the petition. The practice of the pleader, in setting out allegations which were intended as amendatory of the petition in the same pleading with those intended as a reply to the answer, or as an answer to the cross-petition, is not to be commended, and, if defendants had moved for an order requiring plaintiff to set out the allegations relating to his cause of action in a pleading distinct from the one in which his matters of defense were pleaded, such order would doubtless have been made. But no such motion was made. The parties tried the cause below on the theory that the allegations in question were pleaded by way of amendment to the original petition, and whatever objections may have existed to the form of the pleading must now be regarded as having been waived. It is not material to set out the evidence introduced by the parties for the purpose of establishing or defeating this claim. We have examined it with care, and deem it sufficient to say that the allegations upon which the claim is based are established by a fair preponderance.

II. Defendants allege that, when the note and mortgage were executed, plaintiff was indebted to them in the sum of $127.68 for certain hogs which they had sold and delivered to him. Plaintiff admitted the purchase of said hogs, but averred that he paid for them at time of the delivery. The referee found for plaintiff on this issue. We think the allegation of payment is established by a preponderance of the evidence.

The record presents no other questions for our determination. The judgment will be

AFFIRMED.