Adams County v. Hunter.

---

ADAMS COUNTY v. HUNTER *et al.*

1.  **Pleading:** REPLY INCONSISTENT WITH PETITION: OBJECTION TOO LATE.  Although new matter alleged in a reply must not be inconsistent with the petition (Code, sec. 2666), yet where the answer and such reply raised an equitable issue, and the plaintiff filed a motion to try the cause as an equity action, and the motion was sustained, and no objection was made to the reply or the motion in the court below, and the cause proceeded to trial, *held* that no objection to the reply could be heard in this court.

2.  **County Treasurer:** CONTRACT FOR EXTRA COMPENSATION: ILLEGAL AND VOID: RECOVERY AFTER SETTLEMENT.  The contract involved in this case, made between a county treasurer and a committee of the board of supervisors, whereby the treasurer was to receive a certain percentage of the interest and penalties upon delinquent personal taxes collected by him, was not only in excess of the authority given by the board to the committee, but was in itself illegal and void because it provided for an officer a greater compensation than that fixed by law for his services (see cases cited in opinion), and because, further, it was putting a premium upon a negligent administration of the office, and was therefore contrary to public policy.   In this case, a receipt made by defendant to himself as treasurer for his compensation under such contract, and which, by artifice, was procured to be allowed as a voucher in his favor on final settlement with the board, was properly set aside in an action against the treasurer and his sureties to correct the settlement, and judgment was properly rendered against them for the amount thus shown to be due the county.

*Appeal from Adams District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, OCTOBER 7, 1889.

THE defendant E. H. Hunter was treasurer of the county of Adams for two successive terms, commencing in January, 1884, and ending in January, 1888.   This

action was brought upon his last official bond, and it is set forth in the petition that said Hunter, at the end of his term in January, 1888, failed to account for and pay over to his successor in office the sum of $4,353.30 of county funds, but converted the sum to his own use. Judgment was demanded against said Hunter and the sureties on his official bond for that amount. The defendants, by their answer, alleged that at a full settlement and accounting had with the board of supervisors of said county in January, 1888, the said Hunter accounted for and paid over to his successor in office all of the moneys in his hands due to the said county, and that upon such settlement the said board of supervisors executed and delivered to said Hunter a writing in which a full settlement was acknowledged, and the said treasurer and his bondsmen were released and discharged from further liability. The plaintiff, by reply, admitted the execution of said instrument, but averred, in substance, that the said settlement was procured to be made by said Hunter by fraud in concealing from said board an item amounting to $4,353.30, purporting to be a credit in favor of said Hunter against the county, and that by reason of said Hunter's fraudulent concealment thereof the same was allowed as a valid credit, when in truth and in fact it was invalid and fraudulent, and, if founded upon any contract made with the board of supervisors, the contract was illegal, unauthorized and void. And the plaintiff in the reply asked that the cause be transferred to the equity side of the court for trial, and for a decree setting aside or correcting said settlement, and cancelling the discharge of the bond, and for judgment as prayed in the petition. A formal motion for the transfer of the cause and for a trial in equity was made and sustained. A full trial was had upon evidence introduced by the parties, and a decree entered for the plaintiff. Defendants appeal.

*H. F. Dale, H. M. Towner* and *W. W. Morsman,* for appellants.

*Burg Brown, W. O. Mitchell* and *F. M. Davis,* for appellee.

ROTHROCK, J.—I. It will be observed from the foregoing statement of facts that the plaintiff brought the action upon the bond without regard to the settlement and discharge of Hunter. When the settlement and release were pleaded, the plaintiff replied by setting up fraud in the settlement, and a want of power in the board to enter into the alleged contract upon which the amount in dispute was founded.    Counsel for appellant insist in argument that the plaintiff is not entitled to any relief, because the averments of the reply are inconsistent with the averments of the petition.    It is true that under section 2666 of the Code new matter alleged in a reply must not be inconsistent with the petition. It is questionable whether the reply in this case is vulnerable to the objection raised by counsel.    It may be that the plaintiff should in strictness have been required to impeach the settlement by an amendment to the petition.    But we do not determine that question. In the answer and reply an equitable issue was presented to the court.    The plaintiff filed a motion to try the cause as an equitable action, and the motion was sustained.    No objection was made by the defendants, and the cause was tried upon its merits in the court below.    The objection is made for the first time in this court.    It comes too late.    See *Wilson v. Harris*, 68 Iowa, 443.    The failure to make any objection in the court below to the reply, or to the motion to transfer the cause, must be regarded as consent to the form of the pleadings.

1. PLEADING: reply inconsistent with petition: objection too late.

II. The claim of the defendant Hunter for the amount in controversy is based upon an alleged contract made with the board of supervisors on the twenty-second day of April, 1884, of which the following is a copy:

2. COUNTY treasurer: contract for extra compensation: illegal and void: recovery after settlement.

"Memorandum in relation to collection of personal property delinquent taxes due Adams county, Iowa, made between said Adams county and Ed. H. Hunter, as follows:    Ed. H. Hunter is hereby appointed by the

board of supervisors of Adams county with power to appoint a deputy collector, to collect any or all Adams county, Iowa, delinquent personal taxes; and the said Ed. H. Hunter is hereby authorized to remit any part or all of the accrued penalties and interest, whenever in his judgment it is for the best interests of the county so to do; and said Hunter is to agree to make an equal effort to collect said taxes prior to 1880; and in full compensation for the services and expenses of said Hunter, including compensation for the deputy collector, the said Hunter is to receive seventy-five per cent. of all penalties and interest collected by him that have accrued upon said personal property taxes. This arrangement is made with the said Hunter by instruction of the board of supervisors, as per resolution adopted by them April 11, 1884. Further, the board of supervisors retain the right to annul this contract should the said Hunter make any unnecessary expenses to the taxpayers in collecting the said tax, or if the amount allowed as compensation is in excess of just compensation; and said Hunter shall be allowed to withdraw from the contract should the compensation prove insufficient, upon giving the board of supervisors sixty days' notice.

"[Signed] F. M. THOMPSON,

"G. W. IDEN,

"Committee Board of Supervisors.

"ED. H. HUNTER.

"Dated Corning, Iowa, April 22, 1884."

This instrument was founded upon a resolution of the board of supervisors, passed on the eleventh day of April, 1884, which is as follows: "Whereas, a large amount of personal taxes—about fifteen thousand dollars—are now remaining unpaid, and are considered uncollectible, at the treasurer's office; and whereas, it is considered desirable to save the taxpayers as much of this tax as possible; therefore, be it resolved, that Ed. H. Hunter, county treasurer, be and is instructed to collect all delinquent personal taxes; the said Hunter to report to the board of supervisors at their regular meeting in June and January the amount of such taxes

collected. Therefore, be it further resolved, that the chairman appoint a special committee of two members of the board of supervisors to make the necessary arrangements with the said Hunter for the collection of the said tax." The chairman appointed F. M. Thompson and G. W. Iden as the committee contemplated in the foregoing resolution. It will be observed that the committee appointed by the board were not authorized to make a contract that Hunter, who was then treasurer of the county, should receive the sum of seventy-five per cent. of all penalties and interest collected by him upon delinquent personal property tax; and this alleged contract was never reported to the board, and no reference is anywhere made to it in any of the proceedings of the board. It was purposely and intentionally kept a secret. No statement of the amount of collections made under it was ever at any time during the whole of Hunter's administration reported to the board. A subsequent arrangement was made, by which Hunter was paid six hundred dollars a year for assistance in the office to enable him to collect delinquent taxes. The first knowledge which the board could by any possibility have acquired of any claim made under the contract in question was that contained in a writing, which was among the vouchers at the final settlement, and which was taken into the account as a credit in favor of Hunter. The following is a copy of said paper:

"CORNING, IOWA, January 19, 1888.

"Received of Ed. H. Hunter, treasurer of Adams county, Iowa, the sum of four thousand, three hundred and fifty-three dollars and thirty cents, in full settlement of the compensation due the undersigned under the contract dated April 22, 1884, in relation to the special collection of delinquent personal property taxes, entered into between the undersigned and the board of supervisors of Adams county, Iowa, by its committee, F. M. Thompson and G. W. Iden.

"[Signed]     ED. H. HUNTER."

This paper, with the alleged contract, was brought into the room where the final settlement was made, and

through the connivance of Hunter and one Lee, who claimed to be an expert accountant, it was passed as a proper voucher, without the knowledge of any member of the board. It is useless to discuss whether this was a fraud upon the members of the board, or whether, in the exercise of proper diligence in the discharge of their duties, they should have discovered that the receipt of Edward H. Hunter to Edward H. Hunter, treasurer of Adams county, was in no sense such a voucher as should have been received in the settlement. That it was invalid and void there can be no question. It was not made in pursuance of any valid contract upon the part of the board, and no attempt was made by Hunter on the trial to show, by any account, report of his collections, or otherwise, that there was any real merit in the claim. It was a contract which the board of supervisors had no power to make. This court has repeatedly held that the allowance or payment of other or greater compensation to a public officer than that fixed by law for his services is unauthorized and void. *Fawcett v. Woodbury County*, 55 Iowa, 154; *Fawcett v. Eberly*, 58 Iowa, 544; *Moore v. Mahaska County*, 61 Iowa, 177; *Griffin v. Clay County*, 63 Iowa, 413. The last-cited case is especially in point in the case at bar. The plaintiff therein was a county treasurer, and claimed more than the salary fixed by law.

It is conceded by counsel for appellant that the board of supervisors had no authority to allow the county treasurer a greater compensation than that allowed by law. But they contend that the alleged contract was not made with Hunter as county treasurer. We are cited to the case of *Wilhelm v. Cedar County*, 50 Iowa, 254, as authority for the employment of the county treasurer to collect delinquent taxes. In that case the person employed was neither treasurer nor a deputy treasurer. He was a special agent, employed to take promissory notes of persons for delinquent taxes. This court held that such an employment was valid, and that the agent was entitled to reasonable compensation therefor. But in the case at bar Hunter

was the treasurer of the county, and the alleged contract under which he claims this large compensation was, upon its face, a premium for negligence in the discharge of his duty. We do not say that the evidence shows that he was negligent. But under the alleged contract it was to his interest to allow personal property tax to become delinquent. It is quite plain that such an arrangement should be regarded as against public policy, and void. The decree of the district court will be

AFFIRMED.