CITY OF COUNCIL BLUFFS, Appellee, v. E. F. WATER-
MAN, Appellant.

1. **Compensation of Officers**: INCREASE OF SALARY DURING TERM:
   CONSTRUCTION OF STATUTES. Chapter 24 of Acts of the Twenty-second
   General Assembly, providing, that a city council may by ordinance fix
   the compensation of an alderman at any sum not exceeding two hun-
   dred and fifty dollars, and expressly repealing all acts or parts of acts
   inconsistent therewith, did not authorize a council to increase by
   ordinance the salary of its members elected before the enactment of
   said statute, when the compensation of such officers was fixed at a
   sum not to exceed fifty dollars a year, and it was provided by law
   that their salary should neither be increased nor diminished during
   the term for which they were elected.

2. ——: CITY COUNCIL: SERVICES AS BOARD OF EQUALIZATION.   One of
   the duties required by law of members of a city council being to act
   as a board of equalization, and no compensation in addition to the
   regular salary of such officers being provided by law for such service,
   an alderman is not entitled to extra compensation therefor.

*Appeal from Council Bluffs Superior Court.*—HON. J. E.
F. McGEE, Judge.

TUESDAY, OCTOBER 25, 1892.

THIS is an action to recover of the defendant two
hundred and ninety-eight dollars claimed to have been
illegally paid him for services as alderman of the plain-
tiff city, and for services as a member of the board of
equalization.   A jury was waived, and there was a trial
to the court, resulting in a judgment for the plaintiff.
The defendant appeals.—*Affirmed.*

*G. A. Holmes*, for appellant.

*J. J. Stewart*, City Solicitor, for appellee.

KINNE, J.—The facts disclosed by this record are
that the defendant was duly elected as alderman of

the plaintiff city for the term of two years from and after March 17, 1888, at which time he qualified and entered upon the discharge of his duties; that he continued to hold said office and perform said duties during the entire term for which he had been elected; that at the time he was elected, qualified, and entered upon the discharge of his duties as alderman, his compensation, fixed by statute, as well as by an ordinance of said city, was one dollar for every regular meeting of the board, but not to exceed fifty dollars per year; that during the last year of his term of office he accepted and received from the plaintiff city, as a salary for the performance of his duties as alderman two hundred and fifty dollars, paid to him in equal quarterly installments, and the further sum of ninety-eight dollars, paid to him March 8, 1890. The defendant admits the receipt of this money, and claims it was lawfully and voluntarily paid to him. He also claims that the ninety-eight dollars was properly paid to him for services as a member of the board of equalization of said city.

I. It will be seen that no question is made as to the legal right of the plaintiff to recover back money paid the defendant under a mistake of law. The only questions we are called upon to determine are: *First*, whether the defendant as an alderman of the plaintiff city was entitled to the amount paid him; and, *second*, whether, as a member of the board of equalization, he was entitled to the ninety-eight dollars which he received for such services. When the defendant was elected, qualified, and entered upon the discharge of his duties as alderman, he did so under a statute which provided: "The compensation of the counsel or trustees shall not exceed one dollar to each member for every regular or special meeting of the board, and shall not exceed fifty dollars to each in any one year."

1. Compensation of officers: increase of salary during term: construction of statutes.

Vol. 86—44

Code, section 505. At the same time there was in force in said city of Council Bluffs an ordinance of the city, which provided: "The members of the city council shall receive one dollar for each meeting of the city council, provided such compensation shall not exceed fifty dollars in any one year, to any one member of the city council." The following statute, applicable to the city officers, including aldermen, was also in force when the defendant was elected, qualified, and entered upon the discharge of his duties, viz: "The emoluments of no officer whose election or appointment is required by this chapter shall be increased or diminished during the term for which he shall have been elected or appointed; nor shall any change of compensation affect any officer whose office shall be created under the authority of this chapter during his existing term, unless the office be abolished." Code, section 491. By chapter 24 of Acts of the Twenty-second General Assembly, which went into effect July 4, 1888, it was provided "that there shall be paid to members of the city council of cities of the first class an amount prescribed by ordinance, not in excess of two hundred and fifty dollars ($250) per annum, and this amount shall be in full compensation of all services of such councilmen, of every kind and character whatsoever, connected with their official duties." Said act also expressly repealed all acts and parts of acts in conflict with the above. In pursuance of the statute, the city council of Council Bluffs passed an ordinance to take effect March 15, 1889, which provided "that each alderman of the city of Council Bluffs shall receive as his only compensation during his term of office the sum of two hundred and fifty dollars per year, payable quarterly." This ordinance provided for the repeal of all ordinances or parts of ordinances in conflict with it.

This court has often construed section 491 of the

Code as prohibiting any change in the salary of officers affected by it during the term for which they were elected. *Cox v. City of Burlington*, 43 Iowa, 612; *Bryan v. City of Des Moines*, 51 Iowa, 590; *City of Des Moines v. McHenry*, 51 Iowa, 710. But it is contended by the appellant that the act of the Twenty-second General Assembly above quoted expressly provides that the city council may by ordinance fix the compensation of an alderman at any sum not exceeding two hundred and fifty dollars per annum, and that, as said act took effect in July, 1888, and the ordinance of the council on March 15, 1889, sections 491 and 505 of the Code were repealed. We cannot accede to the correctness of this claim. The act of the Twenty-second General Assembly did not in any event take effect until July 4, 1888. Nor was it intended thereby to in any way affect the compensation of aldermen for the then existing term. It authorized the council by ordinance to provide for and pay aldermen a sum not exceeding two hundred and fifty dollars per year; but that authority cannot be construed, by virtue of a general clause repealing statutes in conflict with it, to repeal section 491, which expressly prohibits any change in the compensation of such officers during the term for which they are elected.

It is our duty to so construe these statutes as that all may stand and have effect, if possible, unless they are clearly in conflict, or the latter unmistakably or by express reference repeals the former. These several acts can all be given force and effect by holding that section 491 of the Code, is in force, prohibiting any change of compensation during the term for which defendant had been elected, and which had begun several months prior to the passage of chapter 24, of Acts of the Twenty-second General Assembly. Section 505 of the Code is in force certainly until advantage is taken of the provision of chapter twenty-four of Acts

of the Twenty-second General Assembly, by the passage of a proper ordinance. The act of the Twenty-second General Assembly does not enforce itself, but it only becomes operative when the contemplated action is taken by the city council. If that is never taken, then, manifestly, section 505 would still remain in force. There could be no conflict between the two statutes until after the council had accepted the benefit of the provisions of the act of the Twenty-second General Assembly by the passage of an ordinance fixing compensation. Chapter 24, of Acts of the Twenty-second General Assembly, after the passage of an ordinance such as is contemplated therein, becomes operative, or rather effective, to fix the compensation of such officers, subject only to the limitation in section 491 of the Code. A statute so wholesome and just as Code, section 491, should not be held to be repealed unless such is a necessary result of chapter 24, Acts of the Twenty-second General Assembly. In the view we have taken, all the legislation referred to is given its proper force and effect. We have no doubt that the court below was right in holding that defendant, as an alderman, was entitled to fifty dollars per annum, and no more.

II. Was the defendant entitled to compensation, in excess of his salary as alderman, for his services as a member of the municipal equalization board? Clearly not. When the appellant was elected and entered upon the duties of his office, section 829 of the Code was in force, wherein it was provided that "the city council shall be the board of equalization, and shall perform such duties in substantially the same manner as is required of a township board of equalization," etc. This statute was applicable to the plaintiff city. The law makes no provision for paying an alderman or councilman compensation for his services rendered as a

2. ——: city council: services as board of equalization.

member of the equalizing board other than his salary as alderman. To act as a member of the board of equalization was by law a part of his duty as alderman. He is presumed to know the law, and to have accepted the office, entered upon and discharged the duties pertaining to it under the provisions of the statute as to compensation, then applicable thereto. There is no law preventing an officer from resigning if he feels that he is not properly compensated for the service he is by law required to render. *Evans v. Trenton*, 24 N. J. Law, 764; *Decatur v. Vermillion*, 77 Ill. 315. The law is well settled everywhere that the compensation fixed for a public officer is presumed adequate, and, whether it in fact be so or not, the power to increase it rests only in the legislature. *Upton v. Clinton Co.*, 52 Iowa, 314. There are a multitude of cases holding that a payment to a public officer of a sum in excess of that fixed by law for his compensation is unauthorized and void. We need cite but a few: *Adams Co. v. Hunter*, 78 Iowa, 328; *Fawcett v. Eberly*, 58 Iowa, 544; *Fawcett v. Woodbury Co.*, 55 Iowa, 154; *Griffin v. County of Clay*, 63 Iowa, 413. The action of the court below was correct, and its judgment is AFFIRMED.