L. M. RYCE, Appellant, v. CITY OF OSAGE, Appellee.

1.  **Municipal Corporations**: DUTIES OF CITY ATTORNEY.  Where a city ordinance provides that it shall be the duty of the city solicitor to act for the city in any suit or action brought by or against it, and generally to attend to the interests of the city, as its attorney, it is a part of the duty of a solicitor elected under said ordinance to defend, both in the district and in the supreme court, an action already commenced against the city to quiet title to a tract of land known as a public square.

2.  ———: ORDINANCE FIXING COMPENSATION OF OFFICERS: REPEAL.  An ordinance duly enacted, fixing the compensation of the city solicitor, can not be repealed or suspended by a failure to enforce it, nor by a resolution of the council which undertakes to fix another and different compensation for such officer.

3. ———: COMPENSATION OF OFFICERS: POWER TO CHANGE DURING TERM. Under section 491 of the code, a city council has no power to change, by contract or resolution, the compensation of the city solicitor, as fixed by ordinance, during the term for which he is elected.

4. ———: ———: CONTRACT AGAINST ORDINANCE: ESTOPPEL. In an action against a city by its solicitor for compensation for official services in excess of his salary as provided by ordinance, the fact that the city council unlawfully agreed to pay him such excessive compensation, and that the services were performed and accepted under such contract, does not estop the city from pleading the invalidity thereof.

5. ———: OFFICERS: OBLIGATION TO PERFORM DUTIES FOR SALARY. A person accepting a public office is bound to perform the duties of the office for the salary provided therefor; and a promise by a city council to pay the city attorney an extra fee beyond that fixed by ordinance is not binding, although he renders services, and exercises a degree of care, greater than could legally be required of him.

*Appeal from Mitchell District Court.*—HON. G. W. RUDDICK, Judge.

THURSDAY, MAY 25, 1893.

ACTION against the defendant for compensation for services as an attorney. From a judgment for the defendant, plaintiff appeals.—*Affirmed.*

*L. M. Ryce*, for himself.

*N. L. Rood*, for appellee.

KINNE, J.—The plaintiff's cause of action is set out in three counts, and may be summarized as follows: In 1889 the plaintiff was elected as city attorney for the defendant for the term of two years, and afterwards entered upon his duties. At the time of his election, as well as when he performed the services sued for in this action, there was an ordinance in force in said city, section 5 of which provided as follows: "The duties of the city solicitor shall be to give his legal opinion and advice upon any subject or question that may be submitted to him for that purpose by the city council

or mayor, to act as attorney for the city in any suit or action brought by or against the city, and generally to attend to the interests of the city, as its attorney; and his compensation therefor shall be the sum of one hundred dollars per year." When he entered upon his office, a suit was pending against the city, which had been brought by one Smith, to quiet the title to a tract of land therein known as a "public square." One Coffin was, prior to the plaintiff's taking the office of city attorney, conducting said suit under special contract with the city. When the plaintiff entered upon the duties of his office, he claims it was the understanding and agreement between him and the council of the defendant that he should take charge of and defend said suit in the district and supreme courts, and the city would pay him therefor in addition to his salary as city attorney. He did so, and presented his bill to the council, and it was not allowed. That the city paid him two hundred dollars, being, as they claimed, his salary for the two years as city attorney. That the services he rendered in the defense of said suit were not included within his official duties as city attorney, and that as said officer, he was in no event bound to defend said suit in the supreme court. That the city council, in 1886, by a resolution repealed said ordinance by fixing the salary of the city attorney at twenty-five dollars and such further compensation as they might deem just and equitable. That the defendant, having treated said ordinance as repealed, is now estopped from claiming it to be in force. The defendant city demurred to the petition on the ground that the labor claimed to have been performed by the plaintiff was a part of the duties which pertained to his office, and, his salary as city attorney being fixed by an ordinance, neither the council nor any of its members had the power to make the alleged contract, and to bind the city thereby. That the facts set up, and claimed to amount to a repeal

of said ordinance, were ineffectual to accomplish that end. The demurrer was sustained, and, the plaintiff electing to stand upon his petition, and refusing to plead further, judgment was entered against him for costs, and his action dismissed.

I. The appeal presents the single question of the correctness of the ruling of the trial court in sustaining the demurrer. It is urged that the services rendered were not, even by the terms of the ordinance, included within the plaintiff's duty as city attorney. It seems to us that a mere reading of that section of the ordinance which prescribes the duties of the city attorney is sufficient to show that under it he was required to act for the city, as its attorney, in any case brought by or against it; and, if that is not broad enough, the further requirement certainly would be that he is "generally to attend to the interests of the city, as its attorney." That the services rendered by the plaintiff, and for which he now seeks to recover, were included within his duties as city attorney, is too plain to admit of argument.

1. MUNICIPAL corporations: duties of city attorney.

II. It is claimed that this provision of the ordinance was repealed, or rendered inoperative, because the council, several years after its enactment, by a resolution fixed, or rather undertook to fix, the compensation of the city attorney at twenty-five dollars per year, and hence it is said that the city is now estopped from relying upon the ordinance. The statute provides the manner in which ordinances shall be passed. When legally passed, if not in conflict with constitutional or statutory provisions, an ordinance will remain in force until repealed or amended in a legal manner. We need not stop to argue the self-evident proposition that an ordinance can not be repealed, or rendered

2. ——: ordinance fixing compensation of officers: repeal.

ineffective or inoperative, by a failure to enforce it. Nor can an ordinance be repealed or superseded by the passage of a resolution which undertakes to fix another and different compensation for a city officer than that prescribed in the ordinance.

III. Furthermore, the passage of the resolution, even if it should be conceded to work a repeal of the ordinance, would not avail the plaintiff.

3. ——: compensation of officers: power to change during term.

Our statute, provides, as to officers of cities and incorporated towns, that "the emoluments of no officer whose election or appointment is required by this chapter shall be increased or diminished during the term for which he shall have been elected or appointed." Code, section 491. This statute has been construed to prohibit the city council from, on its own motion, changing the compensation of a city officer, or from accomplishing the same end by making a contract with the officer for compensation other than that fixed by the ordinance. *Purdy v. City of Independence*, 75 Iowa, 359. See *City of Council Bluffs v. Waterman*, 86 Iowa, 688, and cases there cited. The council could not, even by repealing the ordinance and passing a new one, affect the compensation to be paid to the plaintiff as city attorney during the term for which he was elected.

IV. It is said that the city, having had the benefit of the plaintiff's services, which were rendered under a verbal contract made with its council to pay therefor a sum in excess of his salary.

4. ——: ——: contract against ordinance: estoppel.

as city attorney, is now estopped from pleading or relying upon the ordinance which fixed his compensation. In support of this claim a large number of cases are cited. They are either cases which concerned private corporations, and parties contracting with them in good faith, where the corporation has had the full benefit arising from the performance of the contract, and sought to avoid it, or cases where

municipal corporations have contracted with strangers
for gas, grading, or other proper public improvements,
and received all the benefit flowing therefrom.    Surely,
such cases are not authority for holding that a city,
after fixing the salary of its officer in a legal manner,
may enter into an arrangement with him whereby he
may obtain additional compensation for services em-
braced within the duties of his office.    Such a contract
is against public policy, and void.    *Vandercook v.
Williams*, 106 Ind. 345, 1 N. E. Rep. 619; 8 N. E.
Rep. 113.

V.    When the plaintiff made the verbal contract
with the defendant, under which he seeks to recover in
this action, he knew, or was bound to
know, that the services he would be
called upon to render thereunder were
included in his duties as city attorney, and that the
salary of said office was fixed by ordinance at one hun-
dred dollars per year.    No rule is better established
than that "a person accepting a public office, with
a fixed salary, is bound to perform the duties of the
office for the salary."    1 Dillon on Municipal Cor-
porations, section 233, and note; *Fawcett v. Woodbury
Company*, 55 Iowa, 154; *Purdy v. City of Indepen-
dence*, 75 Iowa, 358; *City of Council Bluffs v. Water-
man*, 86 Iowa, 688; *Bayha v. Webster Co.*, 18 Neb.
131, 24 N. W. Rep. 457; *State v. Silver*, 9 Neb. 88, 2
N. W. Rep. 215; *Evans v. City of Trenton*, 24 N. J.
Law, 764; *Commonwealth v. Holmes*, 25 Grat. 771;
*Turpen v. Board*, 7 Ind. 172; *Territory v. Carson*, 7
Mont. 417; 16 Pac. Rep. 572; *Hays v. City of Oil City*,
11 Atl. Rep. (Pa.) 63; 19 Am. and Eng. Encyclo-
pedia of Law, 529.    And a promise to pay a city attor-
ney "an extra fee or sum beyond that fixed by law is
not binding, although he renders services, and exer-
cises a degree of diligence greater than could legally
have been required of him."    1 Dillon on Municipal

5. ——: officers: obligation to perform duties for salary.

Corporations, section 234; *Carroll v. City of St. Louis,* 12 Mo. 444; *City of Detroit v. Whittemore,* 27 Mich. 281; 19 Am. and Eng. Encyclopedia of Law, pp. 529, 530; *Hays v. City of Oil City,* 11 Atl. Rep. (Pa.) 63; *Territory v. Carson,* 7 Mont. 417; 16 Pac. Rep. 572. And it has often been held that a payment to a public officer of a sum in excess of that fixed by law for his compensation is unauthorized and void. *Adams County v. Hunter,* 78 Iowa, 328; *Fawcett v. Woodbury County,* 55 Iowa, 154; *Fawcett v. Eberly,* 58 Iowa, 544; *Griffin v. County of Clay,* 63 Iowa, 413; *City of Council Bluffs v. Waterman,* 86 Iowa, 688. As is well said by Judge DILLON in his excellent work (1 Municipal Corporations, section 233): "To allow changes and additions in the duties properly belonging, or which may properly be attached, to an office, to lay the foundation for extra compensation, would soon introduce intolerable mischief. The rule, too, should be very rigidly enforced. The statutes of the legislature and the ordinances of our municipal corporations seldom prescribe with much detail and particularity the duties annexed to public offices, and it requires but little ingenuity to run nice distinctions between what duties may, and what may not, be considered strictly official; and, if these distinctions are much favored by courts of justice, it may lead to great abuse."

The demurrer was properly sustained, and the judgment below is AFFIRMED.