<hr />

## H. M. TRACY, Appellant, v. JACKSON COUNTY.

**County Treasurer:** NOT ENTITLED TO EXTRA COMPENSATION FOR COL-LECTING TAXES. Where the county treasurer in a county where there were township tax collectors was requested by the board of supervisors to collect taxes in the townships which had failed to elect collectors with the understanding that he was to receive extra compensation for such services, such agreement was void, as under McClain's Code, 1888, section 5067, providing that the aggregate amount of compensation allowed the treasurer in counties where there are township collectors shall be $1,200, that sum is the only compensation he can receive for all acts done in his official capacity.

*Appeal from Jackson District Court.*—HON. A. J. HOUSE, Judge.

SATURDAY, DECEMBER 21, 1901.

PLAINTIFF sues to recover compensation for collecting certain taxes in Jackson county. There was a demurrer to his petition, which was sustained. As plaintiff elected to

stand on the pleading, judgment was rendered against him for costs, and he appeals.—*Affirmed.*

*Levi Keck* and *D. A. Wynkoop* for appellant.

*Charles Thomas* and *F. D. Kelsey* for appellee.

WATERMAN, J.—The board of supervisors of the county of Jackson in the year 1896, in proper form, ordered the election of township collectors of taxes, under chapter 137 of the Acts of the Twelfth General Assembly, in all the townships of said county, save the two in which the county seat was located; the city of Maquoketa being in part in Maquoketa township and in part in South Fork township. In five of the townships in which elections were ordered, none were held; and, there being no township collectors therein, the plaintiff, who was county treasurer, did, as he avers, collect the taxes therein at the special instance and request of the board of supervisors, performing extraordinary services in so doing, and expending money, all with the understanding that he was to be compensated by defendant county therefor. He claims the amount of $609.07. The demurrer to the petition presents the question which we now proceed to determine.

The township collector system prevailed in all the other townships of Jackson county, save those mentioned. In counties where such system is in force, it is no part of the treasurer's duty, as such, to collect any taxes in townships other than that in which the county seat is located, except those returned as unpaid by the collectors. Sections 5, 10, Acts Twelfth General Assembly. Notwithstanding the failure of these five townships to elect collectors, that system must be said to have prevailed in Jackson county, and the compensation of the treasurer was therefore limited to the sum of $1,200 per annum; and this was to be made up of fees allowed from certain sources, which do not include such

services as are here claimed for. He can get no more in any event than these fees, and, if they exceed in the aggregate $1,200, that amount is the limit. Revision of 1860, section 777, as amended and set out in section 5067, McClain's Code 1888. This compensation could not be increased either by direct or indirect means. *Griffin v. Clay County,* 63 Iowa, 413; *Adams County v. Hunter,* 78 Iowa, 328. If, for any reason such as prevailed in this case, extraordinary duties were imposed on the treasurer, the board of supervisors, under the section last mentioned, might have made him an allowance for clerk hire, but they could not allow him for services which he performed himself. It is thought by appellant that because it was no part of the treasurer's duty, in the first instance, to collect these taxes, he is entitled to extra compensation for so doing. But he made the collection in his capacity as treasurer. He had no authority in any other character to act at all, and the law fixed his compensation for what he did in his official capacity at the amount we have stated. The case of *Adams County v. Hunter,* cited above, seems to us to be decisive of this last contention.

The judgment of the district court is correct, and it is AFFIRMED.