MOORE v. MAHASKA COUNTY.

1. **Clerk of Courts:** COMPENSATION OF: STATUTES CONSTRUED. The compensation provided for clerks of the district and circuit courts by section 3784 of the Code, is the total compensation provided by law for *all* services performed by them; and a clerk cannot retain, or recover from the county, in addition to the compensation therein allowed him, the fees provided for him by section 3325, as member and clerk of the board of commissioners of insanity.

*Appeal from Mahaska Circuit Court.*

FRIDAY, JUNE 8.

THIS case was submitted to the court below upon an agreed statement of facts, as follows:

"That during the years 1879 and 1880, the plaintiff, D. R. Moore, was the clerk of the circuit and district courts in and for said Mahaska county.

"That for each of said years plaintiff received as fees for his official services as clerk of said courts the sum of more than $2,000 for the year 1879, and more than $1,750 for the year 1880; and he turned all in excess of said sums over to the county treasurer.

"That during each of said years the plaintiff was a member of the insane commission of said county and clerk thereof. That the fees as provided by statute, section 3825 of the Code, for services as a member of such commission amounted for the year 1879 to $90, and for the year 1880 to $68.

"That plaintiff has never collected or received anything for his services as a member of such insane commission, unless it be held that the salary he has received as clerk of the circuit and district courts, as before stated, are to be considered as payment for his services as insane commissioner.

"That plaintiff has made his claim for such services in a

proper manner, and demanded the allowance thereof by the board of supervisors of said county, before. the commencement of this suit, and the allowance thereof refused by such board.

"That the legal question submitted to the court for its decision is this:—

"Is the clerk of the insane commission entitled to the fees for such services as a member of such commission, as provided in section 3825 of the Code, if he has received the fees allowed by law for the discharge of his official duties as clerk of the circuit and district courts? Or is the statute limiting the salary of the clerk to $2,000, now $1,500 in counties having the population of Mahaska county, (which is between twenty thousand and thirty thousand), any limitation upon, or bar to, his recovery for his services as commissioner of insanity?

"It is agreed that, if the court finds that plaintiff is entitled to recover, the amount of the recovery shall be $158."

The court dismissed the plaintiff's petition and he appeals.

*T. C. Blanchard*, for appellant.

*Geo. W. Lafferty*, for appellee.

DAY, Ch. J.—The provisions of the statute upon the subject of this controversy are as follows:

Sec. 1395. In each county there shall be a board of the commissioners of insanity. The clerk of the circuit court shall be a member of such board and clerk of the same. * * * Sec. 3825. The commissioners of insanity shall be allowed at the rate of three dollars per day each, for all the time actually employed in the duties of their office. They shall also be allowed their necessary and actual expenses, not including charges for board. The clerk, in addition to what he is entitled to as commissioner, shall be

allowed one-half as much more for making the required record entries in all cases of inquest, and of meetings of the board for any purpose, and for the filing of any papers required to be filed. He shall also be allowed twenty-five cents for each notice or process given or issued under seal as herein required. * * * The compensation and expenses provided for above shall be allowed and paid out of the county treasury in the usual manner. * * * * Sec. 3784. The total amount of compensation of such clerk for all official services shall not exceed the sum of * * $1,500 per annum in counties having a population in excess of 20,000, and not exceeding 30,000. If the fees collected by the clerk in any county in any one year shall exceed the sums aforestated, the excess shall be paid into the county treasury for the use of the county fund. * * * * These provisions considered together do not authorize the clerk to receive a greater compensation than $1,500, in counties having a population not greater than 30,000. Section 3784 limits the compensation of the clerk to that amount for all official services. We are not authorized to limit this language to the services of the clerk as clerk of the district and circuit courts. To do so we would have to incorporate important language into the statute. The case of *Washington County v. Jones*, 45 Iowa, 260, is authority for the position that, under section 3784 of the Code, the salary of the clerk cannot exceed the sum therein limited. The judgment is

AFFIRMED.