COUNTY OF POWESHIEK, Appellant, v. JOHN H. PATTEN *et al.*, Appellees.

Clerk of District Court: COMPENSATION: FEES IN PROBATE. Under the provisions of section 16 of chapter 134, of Acts of the Twenty-first General Assembly, the clerk of the district court is not entitled to retain any part of the fees of his office in matters of probate and guardianship, except upon an allowance made by the board of supervisors, not exceeding the sum of three hundred dollars per year.

*Appeal from Poweshiek District Court.*—HON. A. R. DEWEY, Judge.

FRIDAY, OCTOBER 13, 1893.

THE plaintiff, John H. Patten, was clerk of the district court in the defendant county for the years 1887 and 1888, and the other defendants were sureties on his official bond. During each of those years he collected as probate fees the sum of three hundred dollars. An accurate account of such fees was kept in the clerk's

office, but not reported to the board of supervisors; nor did the board make any allowance as additional compensation to the clerk for either of those years until January, 1891, and after the defendant's term of office had expired, when it made an allowance of one hundred dollars for each of the years 1887 and 1888, and demanded of the defendant a return of the four hundred dollars of excess, which was refused, and this action is upon his bond to recover the amount. The district court, at the close of the evidence, directed a verdict for the defendant, and the plaintiff appeals.— *Reversed.*

*J. P. Lyman,* for appellant.

*J. W. Carr,* for appellee.

GRANGER, J.—A consideration of the case involves a construction of section 16, chapter 134, of Acts of the Twenty-first General Assembly, which is the act by which the judicial system of the state was changed, and some additional duties, in probate matters, devolved on the clerk of the district court. Prior to that act the following was the provision relative to the clerk's compensation for services in probate matters: "There shall be such compensation paid such clerk for his services in probate matters out of the fees collected by him for probate business as the board of supervisors may allow." Code, section 3781, provides for the compensation of the clerk by permitting him to charge specified fees for services. In section 3784 it is provided that "the total amount of compensation of such clerk for all official services shall not exceed the sum of eleven hundred dollars per annum, in counties having a population not exceeding ten thousand; the sum of thirteen hundred dollars per annum in counties having a population in excess of ten thousand, but not exceeding twenty thousand; and the sum of fifteen

hundred dollars per annum in counties having a population in excess of twenty thousand, but not exceeding thirty thousand. If the fees collected by the clerk in any county in any one year shall exceed the sum aforestated, the excess shall be paid into the county treasury for the use of the county fund. In case the aggregate amount of fees so received by the clerk in any one year is less than the limit of his compensation as herein fixed, and such amount is deemed inadequate compensation by the board of supervisors, they may allow such additional amount as they may deem just and proper, within the limits herein prescribed." Section 16 of chapter 134, above referred to, is as follows: "From and after the first day of January, 1887, the clerk of the district court in each county, in addition to the compensation now allowed by law, shall be allowed to retain from fees collected by him in matters of probate and guardianship, such sum as may be fixed by the board of supervisors, not exceeding the sum of three hundred dollars per year; but such additional compensation shall in no case be allowed to be paid out of the county treasury." The chapter repeals "all acts and parts of acts" inconsistent therewith, and our view is that it repeals section 3783, so that the words of section 16, "in addition to the compensation now provided by law," refer to the provisions of Code, sections 3781, 3784. On this point there seems to be no dispute. Prior to the enactment of chapter 134, it will be observed that the law fixed the general compensation of the clerk, and then fixed a separate compensation "for his services in probate matters." Section 16, cited, drops the words "for his services in probate matters," and merely provides for adding to his compensation as clerk. It will be remembered that chapter 134 made numerous changes in the judicial system and in the duties of clerk, by abolishing the circuit court, of which the clerk of the district court was also clerk, and in

other particulars, in some respects lessening the duties, and in others increasing them. It is manifest that the intention was, in making the change, to no longer preserve a distinction as to compensation for probate service, but to consider such added duties with other changes, and then fix such additional compensation as justice required, and providing from whence the money should be derived; which is, as in other cases, from the fees of the court. The law fixes a limitation of compensation for all official services of the clerk, as will be seen in section 3784, and hence it can not be said that for probate services, there is to be any extra compensation. *Washington County v. Jones,* 45 Iowa, 260; *Moore v. Mahaska County,* 61 Iowa, 177.

The cause was tried below somewhat upon the theory that the main question was whether the clerk was absolutely entitled to compensation for such probate duties as were added by the provisions of chapter 134 of Acts of the Twenty-first General Assembly, or for all probate services rendered by him, and the district court adopted the latter view, and admitted proofs of the value of all such services, and excluded evidence offered in support of the other theory. It will be seen that we think neither theory is the correct one, but that, considering all services rendered, and all compensation received, it is for the board of supervisors to make such additional allowance as justice requires for services as clerk, observing at all times the limitations of the law. Until the board has made an allowance, we think the clerk is not entitled to retain any of the fees in probate, the presumption being, in the absence of an allowance, that full compensation for all service has otherwise been made. The language of the law is that he is entitled to retain from the fees "such sum as may be fixed" by the board. The law gives no right to retain from the fees until the amount is fixed.

There is some claim on the part of defendants of a

settlement, but it has no support in the record. The answer admits the retention of the fees, and with the view of the law as herein expressed upon the face of the pleadings there should be a judgment for the plaintiff for the four hundred dollars and interest, and the cause will be remanded for that purpose. RE-VERSED.