PLYMOUTH COUNTY, Appellant, v. G. A. TOPPINGS et al.,
Appellees.

**CLERKS OF COURTS:** Fees in Naturalization Matters.    Fees col-
lected by a clerk of the district court for services in naturalization
matters, being services which are required by law of said clerk, are
official receipts of his office, and must be accounted for to the
county.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON,
Judge.

JUNE 25, 1921.

ACTION at law.    The opinion sufficiently states the case.
From a judgment dismissing its petition the plaintiff appeals.—
*Reversed.*

*E. T. Bedell* and *Nelson Miller,* for appellant.

*John T. Keenan, Sears, Snyder & Gleysteen,* and *V. E.
Purdy,* for appellee.

WEAVER, J.—The defendant G. A. Toppings was the duly
elected, qualified, and acting clerk of the district court of Iowa
in and for Plymouth County for two successive terms, begin-
ning January 1, 1913.    During the first term mentioned, said
defendant collected and received from applicants for naturaliza-
tion the sum of $112, on account of services rendered by him in
the preparation of naturalization papers, under the appropriate
acts of Congress of the United States.    Thereafter, during the
years 1915 and 1916, in the defendant's second term of such
office, he in like manner and for like service collected and re-
ceived other and further fees of like character to the amount of
$159.    Of the sum so received, the defendant in each instance
paid and turned over one half to the proper officer of the govern-
ment of the United States.    The other one half of the fees or
compensation so collected has been and is retained by the de-

fendant Toppings, who refuses to pay or turn over or account therefor to Plymouth County, on the theory that such moneys so collected are not fees or income of his office for which he is bound to account, but are moneys received by him in his private capacity, to which the county has no rightful claim.

On this showing, the county brings suit against said defendant and the surety upon his official bond, demanding the recovery of the moneys so withheld, and interest.

To this action the defendants entered appearance, and demurred to the petition on the ground that the moneys so collected were not received by defendant in his capacity as clerk of the district court of Plymouth County, but were received by him while acting for and in behalf of the government of the United States; that the services for which the fees were paid were purely voluntary; and that there is no law requiring the clerk to perform such duties in the naturalization of aliens or to account to the county for fees or compensation so paid to him. The demurrer having been sustained by the trial court, the plaintiff elected to stand upon its petition as filed, and judgment was thereupon rendered against the plaintiff for costs. The plaintiff appeals.

The demurrer should have been overruled. The statute governing clerk's compensation is too plain to call for construction. It is expressly provided that:

"The clerks of the district courts shall receive as *full compensation* for *all services* the following:" Code Section 297.

It also falls within the more general statute, Code Section 1289, which provides that:

"The salaries of all officers   *   *   *   shall be in *full compensation for all services,* except as otherwise expressly provided."

This language is too comprehensive to admit of any implied or indirect exception. "All services" performed by the clerk must necessarily include everything and all things which the clerk is required to do by virtue of his office, and everything which he is authorized to do or may lawfully do by reason of his official position.

The suggestion that the clerk, in proceedings for the naturalization of aliens, is not acting officially, or is engaged in a

merely voluntary employment outside of his official duties, is glaringly fallacious. The judicial machinery employed in naturalization proceedings includes state courts, acting under authority delegated by act of Congress of July 29, 1906. The applicant for naturalization must make declaration of intention "before the clerk" of the state court. It is the "clerk" of the state court who is required to post notice thereof, and whose duty it is to make and keep the record. In all these things the clerk never ceases to be clerk of the state court, and it is because he is such clerk that these duties are intrusted to him; and the fact that the requirement is not specifically embodied in a statute of the state is immaterial.

It was by and through the district court of Plymouth County, Iowa, that the aliens who paid these fees to the defendant were clothed with the rights of citizenship. The defendant, as the duly qualified clerk, was an essential part of that court; and, in performing the work for which he collected these fees, he was acting in his official capacity as clerk, no less than when drawing a jury or making a record of the day's proceedings.

The case of *Burlingame v. Hardin County*, 180 Iowa 919, bears no resemblance to the one here presented. There, the court appointed the man holding the office of clerk to act as referee in matters in probate, and we held that for his earnings in that capacity he was not accountable to the county. There was no legal duty resting upon Burlingame to do that work, and in its doing he was not acting as clerk. He could have declined the appointment without violating any duty. On the other hand, the defendant in this case could not have refused to perform the services required of him in connection with these naturalizations, without exposing himself to prompt suspension or removal from office.

This case comes clearly within the rule applied by the Supreme Court of the United States in *Mulcrevy v. City of San Fancisco*, 231 U. S. 669, which we cited with approval in the *Burlingame* case.

The law of the case is too clear to require elaborate argument. Appellee received the moneys in question, not for personal and unofficial services, but for services rendered by him as clerk, in obedience to law and in pursuance of duty legally

imposed upon him. It is his duty to account for such receipts, and the trial court erred in sustaining defendant's demurrer to the plaintiff's petition for such accounting. The ruling and judgment appealed from are reversed, and cause remanded for further proceedings in harmony with this opinion.—*Reversed.*

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur..   ·