W. D. BALDWIN, Appellant, v. JOHN STEWART et al., Appellees. No. 39019.

DECEMBER 14, 1928.

REHEARING DENIED MARCH 15, 1929.

*C. C. Putnam* and *Guy S. Calkins*, for appellant.

*Carl S. Missildine*, County Attorney, and *J. B. Weaver*, for appellees.

STEVENS, C. J.—This case was submitted below upon an agreed statement of facts, without pleadings, and upon affidavits, as authorized by Chapter 547, Code of 1927. The purpose of the action is to recover certain fees claimed by appellant, who is clerk of the district court of Polk County, to be due him as a member of the commission of insanity for said county. The interpretation and construction of certain statutory provisions relating to the compensation of the clerk of the district court and to members of the commission of insanity are alone involved.

It is provided by Section 3533 of the Code of 1927 that in each county there shall be a commission of insanity, composed of three members. The following sections provide that such commission shall consist of the clerk of the district court, a reputable physician, and a reputable attorney in actual practice. The appointment of the personnel of the commission is confided to the district court or judges thereof. Section 3535 of the Code. Section 3541 provides that:

"Compensation and expenses shall be allowed as follows:

"1. To each member of the commission three dollars for each day actually employed in the duties of his office as such member and necessary and actual expenses, not including charges for board.

"2. To the clerk, in addition to compensation as a member, one half as much more for making the required record entries in all cases of inquest and of meetings of the commission, and twenty-five cents for each process issued under seal * * * ."

The clerk of the district court is the clerk of the commission.

The material statutory provisions as to the salary and compensation allowed by law to the clerk of the district court are as follows:

"Section 5230. Each clerk of the district court shall receive as his annual salary in counties having a population of:
* * *

"11. Sixty-five thousand and over, thirty-four hundred dollars * * * ."

"Section 10841. The clerk of the district court shall accept the salary herein provided, in full compensation of all services performed by him in his official capacity as such clerk of the district court."

"Section 5245. Except as otherwise provided, all fees and charges of whatever kind collected for official service by any county auditor, treasurer, recorder, sheriff, clerk of the district court, and their respective deputies or clerks, shall belong to the county."

The exception recognized in Chapter 263 relates to the services of the sheriff for "dieting, lodging, and care of prisoners."

The argument of appellant proceeds on the theory that the services rendered by the clerk of the district court, when acting as a member and clerk of the commission of insanity, are wholly independent and distinct from his official duties as such clerk of the district court, and that he is entitled to receive and retain the compensation provided for him as a member of such commission, in addition to the sum allowed him as salary by Section 5230.

Formerly, the clerk of the district court retained the fees collected by him until the maximum allowed him as compensation was reached. All fees collected in excess thereof were required to be paid to the county treasurer. Section 3784, Code of 1873; Chapter 184, Laws of the Eighteenth General Assembly. This, as already appears, has been changed, so that now the clerk of the district court receives a fixed salary, to be paid in equal monthly installments out of the general funds of the county.

The exact question here presented was involved in and decided by this court in *Moore v. Mahaska County*, 61 Iowa 177, against the contentions of appellant. Unless, therefore, the holding of the court in the *Moore* case has been overruled or abrogated by statute, it must control this case. Appellant stoutly maintains that the statute has been so changed as to require a contrary conclusion. Section 3784, Code of 1873, construed by the court in *Moore v. Mahaska County*, provided that "the total compensation of such clerk for all *official services* shall not exceed the sum of ———— * * * ." By way of distinguishing

Section 3784, Code of 1873, and current statutory provisions, counsel for appellant emphasize the words "as such clerk of the district court," appearing in Section 10841.

The limitation created by the foregoing statute was obviously intended to restrict the compensation of the clerk to the specific salary fixed by Section 5230. The question before the court in the *Moore* case was whether the clerk was entitled to compensation as a member of the commission of insanity, in addition to that allowed by law to him as clerk of the district court. This question necessarily required the court to determine whether the duties performed by the clerk of the district court, as such, and the services rendered by him as a member of the commission of insanity, were wholly separate and distinct. If so, then the clerk would not have been required to account to the county for fees received by him as a member of the commission. The court declined to make a distinction in his official duties, and held that he was required, as clerk of the district court, to account to the county for the fees collected by him both as such clerk and as a member and clerk of the commission of insanity in excess of the compensation provided for him as clerk of the district court. A distinction is sought to be drawn between the words "for all official services," as used in Section 3784, Code of 1873, and the words "as such clerk of the district court," in Section 10841, Code of 1927. The distinction thus sought is not practicable. It is immaterial in this connection whether the clerk of the district court, when acting as a member and clerk of the commission of insanity, performs his duties as ex-officio clerk of the district court or as a member of the commission. The statute imposes upon him, as clerk of the district court, the duties of a member and clerk of the commission of insanity, and he is as much bound to perform such duties as he is those of his official capacity as clerk. If the legislature had intended to authorize the clerk of the district court to receive and retain the fees collected by him as a member of the commission of insanity, some exception to that effect would have been added either to Section 10841 or to Chapter 263 of the Code. The salary of state and county officers is fixed by the legislature, or provision made thereby for the fixing thereof; and the court will not, by interpretation, extend clear or doubtful provisions of the statute so as to make possible compensation additional to that specifically

provided therefor. The restrictions contained in Sections 5245 and 10841 were intended to restrict and limit the compensation of the clerk of the district court when performing the duties of that office, and also when acting as a member and clerk of the commission, to the specific amount allowed by Section 5230. There is nothing in the statute clearly indicating a purpose on the part of the legislature to abrogate or change the rule announced in *Moore v. Mahaska County.*

This conclusion finds support in *Burlingame v. Hardin County,* 180 Iowa 919; *Plymouth County v. Toppings,* 191 Iowa 1028. If a change in the statute so as to allow the clerk of the district court to retain the fees collected by him as a member and clerk of the commission is desired, the legislature should clearly so express it. Incongruous as it may seem, the clerk must pay the fees, if any are collected by him, to the treasurer. —*Affirmed.*

EVANS, FAVILLE, ALBERT, and WAGNER, JJ., concur.