## GRIFFIN v. CLAY COUNTY.

1. **Practice:** DIVISION OF CAUSES OF ACTION: WAIVER OF UNITY OF CAUSE. Where plaintiff submitted to the ruling of the court requiring him to divide his causes of action, he could not afterwards, for the purpose of saving a portion of his claim from the bar of the statute of limitations, be heard to insist that his claim constituted but one continuous, current account.

2. **Account:** FACTS NOT CONSTITUTING: SALARY OF COUNTY TREASURER: SEPARATE CAUSES OF ACTION. Where plaintiff had been defendant's treasurer for four successive terms, and he claimed that there was a balance of his salary for each term yet due and unpaid, his claim was not in the nature of an account, but the amount remaining due for each term constituted a separate cause of action.

3. **Statute of Limitations:** WHEN IT BEGINS TO RUN: SALARY OF COUNTY TREASURER. If there was due to plaintiff, as he claims, a balance of the salary allowed him as county treasurer by the board of supervisors, he might have begun his action to recover it at the end of the term for which it was due, and he had no occasion to present his claim to the supervisors for allowance, and the statute of limitations began to run against his claim from the time when he might have begun his action thereon, and not from the time when the supervisors repudiated it, as he alleges.

4. **County Treasurer:** COMPENSATION OF: EXCESSIVE ALLOWANCE BY SUPERVISORS VOID. Where the county supervisors allowed the county treasurer compensation, in addition to the percentage allowed by section 3793 of the Code, a sum which made his total compensation exceed $1,500 per annum, such allowance was wholly void, and thereunder no additional allowance whatever can be recovered in excess of such percentage. See subdivision 5 of said section.

*Appeal from Clay District Court.*

FRIDAY, APRIL 25.

THE plaintiff was treasurer of Clay county for four successive terms, commencing on the 1st day of January, 1872, and ending on the 2d day of January, 1880. On the 2d day of January, 1883, he commenced this action against the county, claiming a balance due him for salary for each year that he performed the duties of the office. The claim was made in

the petition in the form of a bill or open account against the county.

The defendant moved that the plaintiff be required to separate his causes of action, so that the petition would show defendant's liability for each separate term of plaintiff's official administration in a distinct count or division. The motion was sustained, and, in compliance therewith, the petition was amended by making a separate count for each term of office. There was a demurrer to the petition as amended, which was sustained, and plaintiff appeals.

*Parker & Richardson* and *Ainsworth & Hobson*, for appellant.

*E. E. Snow* and *Hubbard & Hughes*, for appellee.

ROTHROCK, CH. J.—I. The demurrer to the first, second and third counts of the petition was upon the ground that 1. PRACTICE: division of causes: waiver of unity of cause. the causes of action therein set forth were barred by the statute of limitations. It is not disputed that the limitation of five years provided by statute is applicable to the claims made, but it is claimed by appellee that these are not separate causes of action, and that the whole claim is in the nature of an open account. The plaintiff is in no position to make this question now. He submitted to the ruling of the court requiring him to divide his causes of action, and thereby waived the right to present his whole claim in one count or cause of action. Besides, it is very plain that each term for which plaintiff was elected 2 ACCOUNT: claims not constituting: salary of county treasurer: separate causes of action. was a separate service or employment, so to speak, and his compensation is not in the nature of an account. The demurrer was properly sustained as to the first three causes of action upon the ground above stated. More than five years had elapsed from the time the last claim in the third count accrued, and before the commencement of the action. It is averred in the petition that this term ended January, 1, 1878.

The action was commenced January 2, 1883. It is urged

**3. STATUTE of limitations: when it begins to run: salary of county treasurer.** by counsel for appellee that the cause of action did not accrue until the meeting of the board of supervisors in January, 1878, which was some days after the first of the month. If, however, the plaintiff had any claim against the county, he could have filed the same at the expiration of his term of office. There was no need that he should delay until the meeting of the board to file his claim. And, indeed, it appears to us that, as plaintiff claims that a certan salary was allowed him by the board, the allowance must have been made before the expiration of the term. If so, he could have compelled the auditor to issue a warrant for his allowance. The plaintiff, surely, did not perform the duties of the office for a whole term without any compensation being paid him during the term. And it is a little singular, to say the least, that plaintiff did not at the end of each year, or the end of each term, demand that he be paid, and insist on an adjustment of his claim, and, for a refusal to pay, commence his action.

II. In the cause of action for the last term, which ended January 2, 1880, it is alleged that the plaintiff collected for

**4. COUNTY treasurer: compensation of: excessive allowance by supervisors void.** the defendant the sum of sixty-five thousand five hundred and ninety-four dollars and eighty-nine cents, and "that, for said term, the board of supervisors allowed plaintiff the sum of twenty-two hundred and forty-four dollars and fifty cents as salary, in addition to the fees fixed by law for said services," and "that there is now due plaintiff six hundred and fifty-five dollars and fifty cents for said term."

The demurrer, as a ground thereof, set up that the petition shows that the plaintiff has received all he was entitled to under the law, and that the compensation fixed was unauthorized by law, and void.

Section 3793 of the Code provides that the treasurer shall receive, "(1) three-fourths of one per cent for all money collected by him on taxes due any incorporated city or town, to

be paid out of the same; (2) three per cent of all taxes collected by him for all other tax funds, to be paid out of the county treasury."

Three per cent of the money collected would amount to $1,967.84. Plaintiff received some $275 more than the percentage allowed by law. But he claims that, under another subdivision of the section of the Code above cited, the board of supervisors allowed him $2,244.50 as salary, in addition to percentage allowed by law. The board had no authority to make such an allowance, because the allowance, in addition to the percentage, would exceed $1,500 per year. See subdiv. 5, § 3793. Plaintiff, however, claims that he should be paid to the extent of $1,500 per annum. We think the district court correctly held otherwise, because, according to the averments of the petition, the plaintiff has received all that he is entitled to receive. If the board intended to increase the compensation to $1,500, which they might have done under the law, they surely would have made the increase to that amount. But, according to the averments of the petition, they attempted to increase the salary to more than $2,100, which was wholly unauthorized and void; and plaintiff cannot be allowed to take advantage of it. The allowance being void, we do not think that the plaintiff should be allowed to claim the benefit of it to the extent to which the board might lawfully have increased the salary.

AFFIRMED.