BAILEY HOBBS, Appellant, *v.* THE CITY OF YONKERS, Respondent.

In July, 1877, plaintiff was appointed city treasurer of the city of Yonkers, defendant. Before his appointment he signed a paper by which he agreed that if confirmed as treasurer he would pay into the city treasury all of his fees and percentages, in excess of $2,000 per annum. By the city charter as it then stood (Chap. 35, Laws of 1873), the city treasurer was entitled to a percentage on all payments made by him. In 1878 the charter was amended (Chap. 119, Laws of 1878), by authorizing the common council to fix the compensation of the treasurer on or before the commencement of his term, at a sum not exceeding $2,000. It was provided also that the term should commence on the first Tuesday of June, 1878. No action was taken by the common council to fix the compensation and no new appointment was made; plaintiff continued in office until November 29, 1881. Plaintiff rendered an account each year, crediting himself with $2,000 as and for his compensation; the accounts were adjusted and settled, this sum being allowed to him, and during his term he made no claim to any further compensation. At the close of his term he rendered a final account and turned over to his successor the balance so shown in his hands. In an action to recover a balance alleged to be due plaintiff for fees and commissions, *held,* that although the agreement made by plaintiff was invalid, yet he had a right to release the city from all claims beyond the amount agreed upon, and his accounts as presented and settled were equivalent to such release and discharged defendant from further liability; also *held,* that so far as the compensation accruing after the first Tuesday of June, 1878, was concerned, it was to be presumed that the common council omitted to fix plaintiff's salary in reliance upon his agreement, and he was estopped from claiming more.

Plaintiff claimed that the city treasurer was not entitled to retain any thing for his fees, but must be paid from the city treasury by warrant of the common council, and that, therefore, the accounts as allowed and settled were illegal. *Held,* that it did not rest with plaintiff to raise the objection.

*People, ex rel.* v. *Bd. of Police* (75 N. Y. 38); *People, ex rel.* v. *French* (91 id. 265); *Kehn* v. *The State* (93 id. 291), distinguished.

(Argued March 9, 1886; decided March 23, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 13, 1884, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial without a jury. (Reported below, 32 Hun, 454.)

This action was brought to recover a balance alleged to be due plaintiff for his fees as city treasurer of the city of Yonkers.

The material facts are stated in the opinion.

*Matt. H. Ellis* for appellant. The plaintiff was a public officer; his compensation was fixed by statute and attached to his office, and having faithfully performed his duties he is entitled to the statutory allowances during the period of his services. (Laws of 1873, chap. 35, title 2, part 1; Laws of 1875, chap. 578, §§ 7, 21; *People, ex rel. Satterlee,* v. *Board of Police, etc.,* 75 N. Y. 38; *People, ex rel. Ryan,* v. *French,* 91 id. 265.) The right to the compensation grows out of the rendition of the services, and not out of any contract between the government and the officer, that the services shall be rendered by him. (*Connor* v. *Mayor, etc.,* 5 N. Y. 285; *Smith* v. *Mayor, etc.,* 37 id. 518.) It is not the actual fact of payment, but the rate authorized to be paid which is the test. (*Taylor* v. *Mayor, etc.,* 67 N. Y. 88.) Nor does the continual practice of the board to make such deductions, however general, control the true construction of the law, or impair the right plainly given thereby. (*People, ex rel. Ryan,* v. *French,* 91 N. Y. 265; *Kehn* v. *The State,* 93 id. 291.) The agreement with defendant was wholly illegal. (*Satterlee* v. *Board of Police,* 75 N. Y. 38.) The plaintiff is not estopped by the defenses interposed of agreement executed, voluntary payment, waiver, or account stated. (*Lake* v. *Artisans' Bank,* 3 Keyes, 276; *Flower* v. *Lance,* 59 N. Y. 610; Kerr's Law of Fraud and Mistake, 70, 81, 82; *Underwood* v. *Farmers' Ins. Co.,* 57 N. Y. 506; *Buffalo* v. *Makey,* 15 Hun, 204; *Walker* v. *Gilbert,* 2 Robt. 214.) The reports were not an " account stated" that would bar recovery. (Alb. Law Jour., Feb. 2, 1884; *Texas & St. L. R.* v. *Smith,* Texas Ct. of App., Nov., 1883; *Stenton* v. *Jerome,* 54 N. Y. 480; *Astley* v. *Reynolds,* 2 Strange, 915.) There was no waiver. (*Phyfe* v. *Eimer,* 45 N. Y. 102.) The transaction was against public policy, absolutely void, and not binding upon the plaintiff so as to preclude the recovery of his statutory fees remaining unpaid. (*Hofheimer* v. *Campbell,* 59 N. Y. 274; *Haswell* v. *Mayor, etc.,* 81

id. 255; *Wood* v. *Mayor, etc.,* 73 id. 556; *Connor* v. *Mayor, etc.,* 5 id. 285; *Satterlee* v. *Board of Police,* 75 id. 38; *Kneetle* v. *Newcomb,* 22 id. 249.)

*Theodore Fitch* for respondent. If the agreement had been illegal or originally voidable, it could not be ignored, after having been fully executed. (*Willitts* v. *Sun Mut. Ins. Co.,* 45 N. Y. 45; *Train* v. *Gold,* 5 Pick. 380; *Hilton* v. *Southwick,* 17 Me. 303; *L'Amereux* v. *Gould,* 7 N. Y. 349; *Flower* v. *Lance,* 59 id. 603; *Town of Verona* v. *Peckham,* 66 Barb. 103; *White* v. *Baxter,* 71 N. Y. 254; *Sands* v. *Crooke,* 46 id. 564.) Where an illegal contract is executed, the courts will not aid a *particeps criminis* in impeaching it, or setting it aside, or pleading *ultra vires.* (*Knowlton* v. *C. & E. Spring Co.,* 57 N. Y. 518; *Mosely* v. *Mosely,* 15 id. 334; *Whitney Arms Co.* v. *Barlow,* 63 id. 62; *Rider Life Raft Co.* v. *Roach,* 97 id. 378; *Atlantic State Bank* v. *Lavery,* 82 id. 29.) The plaintiff cannot avail himself of the doctrine of *ultra vires.* (*Rider Life Raft Co.* v. *Roach,* 97 N. Y. 378; *Bissell* v. *Mich. S. R. R. Co.,* 22 id. 258; *Davis* v. *Old Colony R. R. Co.,* 131 Mass. 258.) It was competent for the plaintiff to waive the statutory provisions as to fees, and to repay to the city the whole or any portion thereof. There was no consideration of public policy to prevent such action on his part. (*Phyfe* v. *Eimer,* 45 N. Y. 102; *Embury* v. *Connor,* 3 id. 50; *Baker* v. *Braman,* 6 Hill, 47; *Kimball* v. *Munger,* 2 id. 364; *Kneetle* v. *Newcomb,* 22 id. 249, 252; *Nellis* v. *Clark,* 20 Wend. 24; *Perkins* v. *Savage,* 15 id. 412; *Armstrong* v. *Toler,* 11 Wheat. 258; *Hodge* v. *Hoppock,* 75 N. Y. 491; *Dunn* v. *Hornbeck,* 72 id. 80; *In re Application of Cooper,* 3 id. 507.) There were accounts stated and settled which bar recovery for any amount claimed in this action by the plaintiff. (*Stenton* v. *Jerome,* 54 N. Y. 480; *Volkening* v. *De Graef,* 81 id. 268.) An account stated cannot be opened except in a direct action in a court of equity, and then only when the party objecting shows clearly that he has been misled by fraud, mistake, or manifest error. (*Harley* v. *Eleventh Ward Bk.,* 76 N. Y. 618; *Bullock* v. *Boyd,* 2 Edw. Ch. 292; 1 Story's Eq. Jur., §§ 526, 527.)

MILLER, J. On the 15th of June, 1877, the common council of the city of Yonkers passed a resolution consenting to and advising the appointment of the plaintiff as treasurer of said city. At the suggestion of some of the members of the common council, one of their number presented to the plaintiff a paper stating, in substance, that if the plaintiff was confirmed as treasurer he agreed to pay into the city treasury all fees and percentages received by him as such treasurer, in excess of $2,000 per annum. The plaintiff signed the paper, which was returned to the common council and ordered to be placed on file, and thereupon the mayor appointed the plaintiff as city treasurer. On the 9th of July, 1877, the plaintiff duly qualified as said city treasurer and gave the bonds required by law, and continued to act as such treasurer until November 29, 1881, and until his successor was appointed and had qualified.

The appointment of the plaintiff was made in pursuance of chapter 35, Laws of 1873, which authorized the mayor to make the appointment with the approval of the common council. At this time the compensation fixed by law was one per cent on all payments made by him. By chapter 119, Laws of 1878, the city charter was amended, and, among other things, the common council was authorized to fix and limit the amount of compensation of the city treasurer at a sum not exceeding $2,000 a year, on or before the commencement of his term of service, and it provided that the amount of fees and percentages received by him in any one year, in excess of the sum so fixed and limited by the common council, shall be retained to the use of the city. The statute also provided that the term of the city treasurer should commence on the first Tuesday of June, 1878, and at any time thereafter the common council had the right to fix the salary of the plaintiff at $2,000 a year. After the last-named time the common council allowed the plaintiff to continue in office over three years, and until his successor was appointed, without fixing his salary, as they had a right to do, evidently relying upon his agreement to serve for $2,000 a year. But for that agreement it is fair to assume they would have adopted a resolution fixing the salary. The plaintiff having assented to the arrangement, the amount named in the

agreement may be considered as the salary to which he was entitled, the same as if it had been fixed by the common council, and he is estopped from claiming that the salary was not $2,000 for the time after the first Tuesday of June, 1878. Under the circumstances it may fairly be assumed that he acted as if his salary had been fixed at that sum. No point was made on the trial that the plaintiff could, in any event, have recovered more than $2,000 for the first year ending on the first Tuesday of June, 1878, and no distinction was made between what salary accrued before and what after that date.

When the plaintiff was appointed, he was entitled to a percentage on all moneys received by him, and no authority existed in the common council to change the compensation thus fixed, and the writing signed by the plaintiff was, of itself, inoperative for any such purpose. Nor was any sum afterward fixed by action of the common council or any new appointment of the plaintiff made. He remained in office until his successor was appointed, discharging the duties as he had previously done and receiving a compensation of $2,000 a year therefor. Each year he rendered an account and paid all his receipts into the city treasury, except that he retained the sum of $2,000 annually, which was allowed him for his compensation. Upon this basis his accounts were adjusted, and during the whole of his term as city treasurer he made no claim for any further compensation than the amount which had been agreed upon.

The agreement was a voluntary one, and there is no sufficient ground for claiming that any fraud or deceit was practiced by means of which the plaintiff was induced to forego his right to the full compensation provided by law for his services, and to accept the amount fixed in lieu thereof. The agreement thus entered into was fully performed and executed. It was not an executory agreement against which a party could set up any legal defense and justify his refusal to perform the same. All of its conditions had been carried into effect and executed before this action was commenced, with the consent and approval of all the parties. As we have seen, the plaintiff had settlements with the common council annually upon the basis

of this agreement, assuming that it was valid and effectual, and thus he precluded himself from repudiating the same.

Conceding that the agreement was illegal and invalid, the plaintiff had a perfect right to release the city from all claims he had for services beyond the amount which he had agreed to accept. Had he executed an instrument to that effect purporting to be in full of all demands on account of his fees, no serious question could arise that it would be effectual for such a purpose and that he would preclude himself from asserting any further right to compensation. He has substantially and really by his conduct in the transaction of the business done all this, and by his repeated settlements, in which he has accepted the compensation agreed upon, virtually discharged the defendant from any further liability. These accounts stated and rendered to the common council, and assented to by them as correct, are an effectual bar to any recovery in this action. At the close of his term of office he rendered his final account, and at the end thereof accepted a receipt from his successor to the effect that he had paid over to him several thousand dollars belonging to the city.

These annual accounts, which were presented by the plaintiff to the common council and accepted by them as correct, contained the elements of accounts stated which are equivalent to an acknowledgment that he has received full compensation for his services and to a release for any further claim on account thereof. Such an account stated cannot be disturbed except by an action in equity for that purpose, showing that the party had been misled by fraud, mistake or manifest error. This is not established, and there is no valid ground for setting aside the settlements which have been made between the parties.

The counsel for the appellant relies upon certain cases decided by this court to establish the principle that an officer of a municipal corporation cannot be compelled to take less compensation for his services than that fixed by statute, viz.: (*People, ex rel. Satterlee,* v. *Board of Police,* 75 N. Y. 38; *People, ex rel. Ryan,* v. *French,* 91 id. 265; *Kehn* v. *The State,* 93 id. 291.)

These cases are clearly distinguishable from the one now considered. The plaintiff here received into his hands sufficient to pay the amount of fees to which he was entitled, which were fixed by law, and voluntarily paid the same over to the city less the amount agreed upon. He made repeated annual reports, each one of which was equivalent to an account stated, and finally he made a settlement of his entire claim by accepting a receipt for the balance in his hands, thus carrying into effect the agreement he had made, and virtually releasing the city from any additional or further claim. He has thus by his own acts estopped himself from claiming the benefit of the principle decided in the cases cited. There was no such characteristic in any of these cases cited, as is presented in the case at bar, and they are not applicable to the facts appearing in the record before us.

Conceding there was no consideration for the original arrangement, the plaintiff had a right to surrender any claim he might have by reason of its illegality and discharge the same.

The appellant claims that the city treasurer could retain nothing for his fees; that they must be paid from the city treasury by warrant of the common council if his accounts should be found to be correct, and it was, therefore, illegal for the common council to allow the plaintiff to appropriate the moneys mentioned in his annual reports as salary. The answer to this position is that the plaintiff adjusted his accounts in this form, consented to and received his pay as already stated, and made a full settlement of his claims for services as treasurer, and it does not rest with him now to insist that the payments were illegal because no warrant was issued for what he received, even if it was entirely apparent that such warrant was required by law.

Numerous other questions are raised which we have examined, but we are unable to perceive in any of the rulings upon the trial any ground for reversal of the judgment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.