**LEHMAN v TOLEDO (city) et**

Ohio Appeals, 6th Dist, Lucas Co

No 2899. Decided Feb 26, 1934

O. C. Clement, Toledo, for plaintiff.

Ralph W. Doty, Director of Law, Toledo, and Clarence A. Irwin, Assistant Director of Law, Toledo, for defendants.

J. I. O'Connor, Toledo, and Samuel Kaplan, Toledo, Amicus Curiae.

## OPINION

### PER CURIAM

It is admited that the ordinance of April 17th could constitute no more than a request that the employes forego payment of 10% of their salaries for the reason and purposes therein stated, and the employes, we think it fair to say, knew that the effect of the ordinance necessarily was so limited, and if they did not actually so understand, the law declares it to be so. In the absence of fraud or deceit, one may not avoid the legal consequences of his acts by asserting that he did not know that he would become bound thereby. It is a matter of common knowledge that other political subdivisions of the state, as well as the city, have requested a reduction by employes of a percentage of their salaries and that the employes thus affected have acceded to the request, and having done so, they are not now in position to claim the amount so donated. The city, by its ordinance, could not require the donation to it by employes of any part of their wages or salaries, but when all of them severally agree to a uniform donation and thereafter, without protest, receive and accept their respective salaries on the basis of their agreement, as evidenced by cash and redeemed scrip to August 16th and by negotiable certificates of indebtedness from that date to December 16th, they can not now in law complain of that which each must be held to have voluntarily done. In any event, the controversy before us is between a taxpayer and the city, and not between the employes and the city; and surely the city is not in a position to claim that the employes shall be paid more than they have agreed to receive and which, by their conduct, they have all consented to and acquiesced in. And although it is contended "that two thousand or more present and former city employes are the real parties in interest," it may also be suggested that the plaintiff in error represents the taxpayers of the city, many of whom by reason of present conditions are unable to meet their obligations and are at least in no better, if as good, position financially as the employes.

It is contended that because the acting

Finance Director refused to pay the salaries of any of the employes unless all of them signed the donation agreement, the signing thereof by the employes was involuntary and also that there was no consideration therefor. Sufficient it is to say that none of them could have been compelled to sign such an agreement and that the City could not have compelled the signing thereof as a prerequisite to the payment of their salaries. Each signed the agreement with full knowledge of the facts and of the financial condition of the city, and that in determining its budget for the year it was relying thereon, and that the then Mayor of the City had suggested and advocated the plan adopted.

The court appreciates the hardships which the present situation imposes more or less upon everybody, not only upon public officers and employes but upon many other perhaps less fortunate. Like the rain that falls upon the just as well as the unjust, the law does not change to satisfy individual desires, but aims to provide a rule that shall operate uniformly and consistently upon all alike.

This court therefore finds on the issues joined in favor of the plaintiff and a decree may be entered accordingly.

Decree for plaintiff.

RICHARDS, WILLIAMS and LLOYD, JJ, concur.