## CLEVELAND (city) v PHILLIPS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14540.  Decided April 22, 1935

Ezra Shapiro, Law Director, Cleveland, and Alfred Lawrence, Asst. Law Director, Cleveland, for plaintiff in error.

Gerald A. Doyle, Cleveland, and Francis B. Cavanaugh, for defendant in error.

LEMERT, PJ, MONTGOMERY and SHERICK, JJ, (5th Dist) siting by designation.

## OPINION

### By MONTGOMERY, J.

The conclusion from a reading of this record, is inescapable that Judge Phillips was a party to the agreement made by practically all of these judges to accept these reductions in salary. In 1932 he made the motion which was adopted. In 1933 he was familiar with all that was done; was present at most of the meetings, and as to what was done at meetings in his absence he agreed to abide by the action taken. He accepted the reduced amounts until the date of his death.

Here was an agreement entered into between twelve or fourteen judges, agreeing to accept these reduced amounts. So far as a consideration is concerned, it was sufficient that one waive his right to the full amount in consideration of a similar waiver on the part of the others. It was an agreement entered into for the benefit of the city of Cleveland and its inhabitants. The city accepted this agreement and acted upon it and to some extent at least based its financial expenditures upon this agreement being carried into effect.

The contract having been executed cannot now be repudiated.

Discussing for a moment the proposition that this was, if anything, a gift without consideration, suffice it to say that when a thing has been given and the title to it has, by such gift, been transferred, it cannot be reclaimed by the donor.

It is argued that this arrangement was against public policy, and in violation of **Article II, §20 of the Constitution of Ohio**, which Article provides for the fixing of terms of office, and the compensation of officers, but provides that no change therein shall affect the salary of any officer during his existing term unless such office be abolished.

It is conceded that neither Judge Phillips nor any other judge could have been com-pelled to accept during his term of office a compensation less than that fixed at the time he entered upon his term, but it does not follow that he could not voluntarily relinquish a part of it. We fail to see how such an arrangement is parallel to a pre-election promise to accept less than the authorized compensation, because the ulterior motive of such a promise is readily understood. Here the agreement to accept less than the statutory compensation was not only not against public policy but was commendable and patriotic.

Taking the view which we do, and there being no essential dispute in the facts of this case, it follows that the judgment of the Municipal Court will be reversed and final judgment entered for plaintiff in error. Exceptions may be noted.

LEMERT, PJ, and SHERICK, J, concur in judgment.