## Schwarz v. City of Philadelphia

*John P. Connelly*, for plaintiff.

*Abraham L. Shapiro*, assistant city solicitor, and *Joseph Sharfsin*, city solicitor, for defendant.

LEVINTHAL, J., June 4, 1938.—What we have said in Hanley v. Philadelphia, 32 D. & C. 515, filed this day, will largely govern this case. The evidence relative to the powers of attorney and to the payroll receipt sheets is substantially the same. And indeed, the city's position is even stronger, for the present plaintiff, as the head of his department, each month approved and signed the payroll for all the employes of his department, including himself. This certification and approval makes the situation here analogous to that in Hobbs v. The City of Yonkers, 102 N. Y. 13, 5 N. E. 778 (1886), where the court

denied recovery on the ground that the employe was barred by the accounts stated.

Plaintiff, unlike the real estate assessors, is not entitled to a verdict in any amount, for his department was among several that were paid in December 1932, on the customary reduced basis. Therefore, the circumstances, so far as he was concerned, were identical in December with what they were throughout the remainder of 1932 and 1933, and no recovery should be allowed him.

The court finds for defendant.

*Opinion sur exceptions*

LEVINTHAL, J., July 1, 1938.—On June 4, 1938, we found for defendant in this action, and filed an opinion stating our reasons for so doing. Plaintiff has filed exceptions.

What we said in our former opinion we repeat now. One portion of the evidence should, however, be clarified. Plaintiff testified that before the municipal budget for 1932 had been enacted, he stated to the Finance Committee of City Council that he would not accept a pay cut because his salary was fixed by statute. He urges now that this refusal should be accorded the effect given in Taylor v. Philadelphia, 126 Pa. Superior Ct. 196 (1937), to the protest there written on the payroll receipt. We think not. In the Taylor case, the protest was repeated, and repeated in writing, at the time each salary payment was received. Here, even if plaintiff had originally said to the committee of council that he would not accept a reduction, he did as a matter of fact actually receipt for the reduced amounts as the total amounts due to him. On each payroll sheet he not only executed such a receipt but also, as department head, approved and signed each payroll as correct before it was distributed. This evidence clearly proves that he had receded from the earlier oral statement testified to by him.

Plaintiff's exceptions are hereby dismissed and the finding affirmed.