[Civ. No. 6446. Third Appellate District.—February 24, 1941.]

PERRY C. GAMBLE, Appellant, v. CITY OF SACRAMENTO (a Municipal Corporation), et al., Respondents.

James F. Gaffney and Peter Mannino for Appellant.

Hugh B. Bradford, City Attorney, and Joseph L. Knowles, Deputy City Attorney, for Respondents.

PULLEN, P. J.—Petitioner at all of the times herein referred to was a member of the Police Department of the City of Sacramento and in receipt of a salary fixed by an initiative ordinance adopted by the people of that city.

In January, 1932, the City of Sacramento found it necessary, due to the financial and business depression, to drastically cut its expenses, and was faced with the problem of either reducing the personnel of the Police Department or obtaining contributions from the salaries of all its members. This matter was submitted to the members of that department, and it was unanimously agreed in writing by each officer that he would donate a designated number of days of service without pay to the City of Sacramento for the years 1932, 1933, 1934 and 1935, and each authorized the city to make up its payrolls accordingly. On each salary warrant appeared as an endorsement that the same was received as full payment for the services shown therein. It is for the recovery of $514 so deducted from his salary this petition for a writ of mandate was brought, and from a judgment against petitioner this appeal was taken.

The first point urged against the petition is that it is barred by the provisions of section 70 of the charter, the last deduction in salary being in December, 1935, and a claim was presented to the city for the amount withheld in February, 1937. The petition is based upon the theory of an open book account which evidences the amount here sought as unpaid salary, and claims the statutes of limitation did not begin to run against the account until three years after the date

of the last item. It seems clear, however, that payment of salaries by a municipality is not a book or credit account, but a cash transaction. There are no mutual unsettled salary accounts between an officer and the city; the payment is in full, and if any mistake arises, a cause of action accrues immediately. The compensation of a public officer is not in the nature of an account. (*Griffith* v. *Clay*, 63 Iowa, 413 [19 N. W. 327].) As to the period of limitation the charter of Sacramento (sec. 70, Stats. 1935, p. 2522) provides that all claims or demands shall be presented within six months, and that provision supersedes the provision of the Code of Civil Procedure upon that subject. (*Dryden* v. *Board of Pension Commrs.*, 6 Cal. (2d) 575 [59 Pac. (2d) 104]; *Crescent Wharf etc. Co.* v. *Los Angeles*, 207 Cal. 430 [278 Pac. 1028].)

Petitioner also claims an agreement, wherein an officer of a city agrees with the city to accept less than the amount of his legal salary as fixed by ordinance is void as against public policy. This contention has, in several cases, been determined adversely to the contention of appellant. In *Huntsman* v. *Board of State Harbor Commrs.*, 17 Cal. App. (2d) 749 [62 Pac. (2d) 771], the facts were quite similar to the facts here. There all the employees of the State Harbor Board voluntarily and with full knowledge of the facts entered into a contract for reduced employment in order that the expenditures of that board might be kept within the available revenues and the employment spread as widely as possible among the employees, rather than cause a lay-off of many such employees, and it was there held such employees were estopped from asserting there was no waiver by them of their rights.

In *Bloom* v. *Hazzard*, 104 Cal. 310 [37 Pac. 1037], a constable agreed with an execution creditor to charge less than his usual fees for levying the writ and conducting a sale. It was claimed this agreement was against public policy. The court, in refusing to so hold, said: "The agreement was not intended to work any fraud or wrong upon any party; and, so far as it appears, it cannot be classed as *malum in se* or *malum in prohibitum.*"

Appellant cites *Lukens* v. *Nye*, 156 Cal. 498 [105 Pac. 593, 20 Ann. Cas. 158, 36 L. R. A. (N. S.) 244], and *Francis* v. *Leavy*, 131 Cal. App. 620 [21 Pac. (2d) 979], as support-

ing his position, but in a case decided in the Superior Court of the State of California in and for the County of Los Angeles, and entitled *W. W. Fuller et al.* v. *City of Compton et al.,* No. 385609, Judge Emmet H. Wilson of that court, in sustaining a demurrer to a petition wherein certain public officers sought to recover money withheld by agreement, differentiated the cases of *Lukens* v. *Nye* and *Francis* v. *Leavy,* pointing out that in the Lukens case an appropriation had been made by the legislature for the purpose of satisfying a claim against the state, and in order to induce the Governor to sign the bill, the claimant agreed to accept a smaller amount than appropriated. This, Judge Wilson held, was void as against public policy and unenforceable, citing *People* v. *Board of Police,* 75 N. Y. 38; *Hobbs* v. *City of Yonkers,* 102 N. Y. 13 [5 N. E. 778]; *De Boest* v. *Gambell,* 35 Or. 368 [58 Pac. 72, 353]. There the agreement had not become executed and lacked the element of acceptance as here.

In the Francis case, plaintiff endorsed a warrant which recited that endorsement constituted an acknowledgment that the amount thereof was accepted in payment of the services mentioned therein, but in fact the salary of plaintiff, after having been fixed by the board, had never been reduced by the board, and plaintiff had never entered into any contract to accept a less compensation than that originally set. The endorsement of the warrant, therefore, did not constitute a waiver of his claim for the full amount of his salary.

In *City of Cleveland* v. *Phillip,* 19 Ohio Law Abst. 71 [Petition in error dismissed, 130 Ohio St. 49 (196 N. E. 416)], certain municipal judges agreed to accept a reduction in salary for the benefit of the municipality. It was there said:

"It is conceded that neither Judge Phillips nor any other judge could have been compelled to accept during his term of office a compensation less than that fixed at the time he entered upon his term, but it does not follow that he could not voluntarily relinquish a part of it. We fail to see how such an arrangement is parallel to a preelection promise to accept less than the authorized compensation, because the ulterior motive of such a promise is readily understood. Here the agreement to accept less than the statutory compensation was not only not against public policy but was commendable and patriotic."

In *State ex rel. Hess* v. *City of Akron et al.,* 132 Ohio St. 305 [7 N. E. (2d) 411], a somewhat similar condition prevailed, and the court reached a like conclusion.

Support for the conclusions here reached is found in *Barfield* v. *City of Atlanta,* 53 Ga. App. 861 [187 S. E. 407]; *Steele* v. *City of Chattanooga,* 19 Tenn. App. 192 [84 S. W. (2d) 590]; *Schuh* v. *Waukesha,* 220 Wis. 600 [265 N. W. 699]; *Taylor* v. *Philadelphia,* 328 Pa. 383 [196 Atl. 64]; *Lehman* v. *City of Toledo,* 48 Ohio App. 121 [192 N. E. 537]. See, also, *Myers* v. *Calipatria,* 140 Cal. App. 295 [35 Pac. (2d) 377].

The judgment is affirmed.

Thompson, J., and Tuttle, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 24, 1941. Carter, J., voted for a hearing.