## CITY OF FORT WORTH v. MORRISON et al.

### No. 14221.

Court of Civil Appeals of Texas.
Fort Worth.

April 25, 1941.

Rehearing Denied May 23, 1941.

R. E. Rouer, George C. Kemble, Robert B. Young, Jr., and Frank E. Crumley, all of Fort Worth, for appellant City of Fort Worth.

Fay W. Prescott, of Fort Worth, for appellees.

BROWN, Justice.

The 45th Legislature of the State of Texas, in the year 1937, enacted what is now known as Article 1583, Vernon's Texas Penal Code, which attempted to regulate the hours of work and the wages of members of the fire departments and police departments of all cities in Texas having "more than seventy-five thousand (75,000) inhabitants." The bill, if valid, became effective on April 19th, 1937.

Prior to April 19th, 1937, it was a recognized fact that there was doubt as to the validity of this Act and it was evident that the City of Fort Worth had made no provision for funds with which to meet this large increase in the pay rolls of the firemen and policemen employed by the City, and necessitated by the provisions of the Act, if same became the law of the land, and it became evident that a reduction in such forces would be necessary to meet the provisions of the law.

With these facts before the parties, a written agreement was entered into between the said firemen and the City of Fort Worth, which instrument reads as follows:

The State of Texas
"County of Tarrant.

"It appearing that no provision has been made by the Legislature of Texas or in the Budget of the City of Fort Worth for funds to pay members of the Fire Department any compensation in addition to what they are now receiving, that in order for the City of Fort Worth to comply with the provisions of Senate Bill 89, passed and adopted at the Regular Session of the Forty-fifth Legislature, it would be necessary to make a very substantial reduction in the force now employed in that department, Now, Therefore,

"Be it known by us and each of us as members of the Fire Department of the City of Fort Worth, in consideration of the premises, the maintenance of the present working hours and conditions and the present number of employees in said department, do hereby agree to waive, relinquish and release and discharge the City of Fort Worth from the payment of any additional compensation or other rights and privileges that may arise under the provisions of Senate Bill 89, passed at the Regular Session of the Forty-fifth Legislature up to and including the time the said Act is finally determined by proper judicial proceedings to be a valid law, should it so be found to be valid; provided, however, that nothing herein shall be construed as a waiver of any right that we may have to petition the City Council for an increase in salary for the fiscal year beginning October 1st, 1937, or at the time the said law is found to be valid, if it is a valid law."

Floyd R. Bolen, a member of the Firemen's force, signed this agreement, along with the other firemen.

Bolen died in 1939, and his widow brought this suit, asking for the difference between the salary paid to Bolen during his lifetime and the amount provided for by the Law above mentioned, and also asking for payment for "over-time" alleged to have been put in by Bolen.

The cause was tried to a jury and on special issues it was found, (1) that Bolen worked more than 144 hours during the period from April 19th, 1937, to July 9th, 1937, (2) such over-time amounted to 136 hours, (3) that during the period from July 9th, 1937, to October 13th, 1938, Bolen worked more than 144 hours, (4) that such over-time amounted to 162 hours, (5) that Bolen worked more than 144 hours during the period from October 13th, 1937, to December 31st, 1937, (6) such over-time amounted to 134 hours.

Both parties litigant moved for judgment notwithstanding the verdict, and such motions were overruled and judgment was rendered for the plaintiff in the sum of $538.33, with interest. All parties excepted to the judgment. Both parties filed motions for a new trial and same were overruled, and due exceptions taken and notices of appeals given.

Taking the view of the case, as we do, we are of opinion that only one question should be discussed and that we should dispose of the suit on such issue.

We are of opinion that the written agreement entered into by Bolen and the other members of the Firemen's force is a valid and enforceable contract, supported by a valuable consideration, and that there is nothing in it tending to violate the established rules of public policy.

A fireman is not an elected officer of the municipality for which he works. Being an employee, of such class, he may be discharged when the financial condition of the municipality calls for a reduction in the force.

Neither Bolen nor any other member of the force knew who would be discharged, in the event the increase in pay required such action on the part of the municipality, and the firemen executed the agreement for the purpose of securing for themselves employment for all, during the period covered by the agreement, and at the then existing salaries and under the then existing working conditions.

We believe that the makers of such a contract, under the conditions shown, are bound by its terms in law as well as in conscience.

We are supported by the following authorities: Steele v. City of Chattanooga, 19 Tenn.App. 192, 84 S.W.2d 590; Barfield v. City of Atlanta, 53 Ga.App. 861, 187 S.E. 407; Lehman v. City of Toledo, 48 Ohio App. 121, 192 N.E. 537; McCarthy v. McGoldrick, 266 N.Y. 199, 194 N.E. 406.

For the reasons stated, the judgment of the trial court is reversed and judgment is here rendered that appellee take nothing as against the appellant.

McDONALD, C. J., not sitting.