[Civ. No. 25332. Second Dist., Div. Four. Mar. 14, 1962.]

HENRY S. EATON et al., Plaintiffs and Respondents, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones and John J. Tully, Jr., Assistant City Attorneys, and Weldon L. Weber, Deputy City Attorney, for Defendants and Appellants.

Kenneth Sperry and John L. Kaesman for Plaintiffs and Respondents.

Bewley, Knoop, Lassleben & Whelan and Martin E. Whelan, Jr., as Amici Curiae on behalf of Plaintiffs and Respondents.

BURKE, P. J.—Plaintiffs in this case are all retired members of the police or fire department who were employed by defendant city subsequent to July 1, 1925, but prior to January 17, 1927. Each of them served regularly as a member of said police or fire department for an aggregate period of more than 20 years, and was granted and is being paid a fixed service retirement pension pursuant to section 181 of the charter of the City of Los Angeles. By their complaint, which was filed May 29, 1959, plaintiffs sought to obtain a declaratory judgment as against the defendant city and its board of pension commissioners respecting their past and future pension rights and to recover past-due pension benefits. Plaintiffs assert that they are and were from the date of their retirement entitled to receive a fluctuating pension in lieu of the fixed pension paid to them. They also requested the entry of a declaratory judgment as to the rights of their widows or other dependents to receive a fluctuating death benefit pension upon their demise. Reference is made to the cases of *Henry* v. *City of Los Angeles, ante,* p. 299 [20 Cal.Rptr. 440] and the other cases consolidated with that case, for details as to the legal background of this litigation.

In its memorandum opinion and order, findings and judgment the trial court, in respect to the issues presented on this appeal:

(1) Rejected plaintiffs' contention that the 1925 change from fluctuating to fixed pensions was invalid and unconstitutional as to plaintiffs since the plaintiffs, employed after July 1, 1925, acquired no "vested contractual rights" to fluctuating pensions;

(2) Held that plaintiffs, who retired prior to June 16, 1947, have always been entitled, from date of retirement to June 16, 1947, to *fixed* pensions based upon the pre-1927 formula, to wit, a percentage of the annual salary of the rank held one year prior to date of retirement and, from

June 16, 1947, pursuant to the 1947 amendment, they have been entitled to receive fluctuating pensions based upon the current salaries of the average ranks held during the three years immediately preceding date of retirement, and they are entitled to recover, from date of retirement, the differences between such pensions and those which had been paid to them because the pension fund is a trust fund and the time provided in applicable statutes of limitation and charter claim sections did not commence to run until plaintiffs' claims were rejected by the pension board;

(3) Held that plaintiffs who retired subsequent to June 16, 1947, have always been entitled, from date of retirement, to fluctuating pensions based upon the current salaries of the average ranks held during the three years immediately preceding date of retirement, and they are entitled to recover, from date of retirement, the differences between such pensions and those which have been paid to them because the pension fund is a trust fund and the time provided in applicable statutes of limitations and charter claim sections did not commence to run until plaintiffs' claims were rejected by the pension board;

(4) Held that the widows of plaintiffs, if married at least one year prior to date of retirement, shall be entitled to fluctuating pensions based upon the 1947 formula, to wit, the current salaries of the average ranks held during the three years immediately preceding date of retirement, provided that should the pension payable under the pre-1927 formula (salary attached to the rank held one year prior to retirement) be greater than that payable under the 1947 formula, then each widow or other dependent, except the widows or other dependents of the plaintiffs Hales, James and Volkman, shall be entitled to fluctuating pensions computed on said pre-1927 formula;

(5) Held that because of the confidential relationship existing between pensioners and the city defendants are estopped to urge the bar of the statute of limitations and charter claims sections; and

(6) Adopted plaintiffs' running account theory in respect to the bar of section 376 of the city charter.

Defendants contend on appeal the trial court erred in the following respects:

(1) In holding the trust fund theory applicable to the fire and police pension fund of the City of Los Angeles so as

to suspend application of statutes of limitation and charter claims sections to claims for increased pensions;

(2) In holding the 1947 amendment to the city charter (Stats. 1947, pp. 3679-3687) created fluctuating pensions to which all plaintiffs, whether retired prior thereto or not, and their widows, are entitled, and in so determining in the face of the fact that this was not an issue in the case;

(3) In holding the formula for computing fixed pensions adopted in 1927, to wit, average monthly rate of salary received during the three years immediately preceding retirement, is invalid and unconstitutional in respect to members (and their dependents) whose employment began prior to January 17, 1927, and such plaintiffs are entitled to have their pensions calculated on the pre-1927 formula, to wit, annual salary of the rank or position held one year prior to retirement;

(4) In holding widows of plaintiff members who commenced their employment prior to January 17, 1927, are entitled to have their fluctuating pensions calculated upon either the pre-1927 or 1947 formula, whichever results in the greater pension;

(5) In holding defendants are estopped to assert the bar of the statute of limitations and charter claims sections;

(6) In holding the running account theory applicable to claims for increased pensions so as to prevent the running of the time provided in the claims section of the city charter (§ 376); and

(7) In entering judgment solely against the board of pension commissioners (not the City of Los Angeles, a party hereto) and in limiting payment of said judgment solely out of the reserve presently existing in the fire and police pension fund.

Plaintiffs contended in the trial court the relationship between the pension board and retired pensioners is that "of a trustee under an express trust" and therefore "the statute of limitations is not a bar in this case until there has been an express repudiation by the Pension Board of its obligations to adjust these accounts, and that that repudiation did not occur until they rejected the claims of these plaintiffs in the cases at bar, which, of course, occurred just a month or two before the action was filed." In its memorandum opinion and order the trial court based its approval of plaintiffs' trust fund theory upon the provisions of the city charter

and sections 2221 and 2222 of the Civil Code which pertain to the creation of voluntary trusts.

The trial court, in commenting upon *Abbott* v. *City of Los Angeles*, 50 Cal.2d 438 [326 P.2d 484], herein termed the "*Abbott* case," pointed out that in that case the trust fund theory was not raised nor was evidence introduced to support it, whereas in the instant case it was raised. Defendants assert the relationship of pensioner and city is not that of the ordinary trustor, trustee and beneficiary provided for in sections 2221 and 2222 of the Civil Code. They assert the true relationship is that of employer-employee; the obligation of the city to pay a pension is a contractual obligation imposed by law, as pointed out in the *Abbott* case; and as to any unpaid pensions the relationship of the city to the pensioner is that of a debtor to a creditor.

Nearly all contracts embrace a certain degree of trust relationship, as does every agency, but it does not follow that each creates a trust. (*Grotefend* v. *May*, 33 Cal.App. 321 [165 P. 27].) Moneys in the pension fund may be disbursed only by clear authority of law. (*McNichols* v. *Police Protective Assn. of Denver*, 121 Colo. 45 [215 P.2d 303.])

Members of a pension board have only such powers as are conferred by statute, charter and ordinance.

The sections of the Civil Code pertaining to voluntary trusts are applicable solely to private trusts (*Estate of Sutro*, 155 Cal. 727, 733 [102 P. 920]; *Estate of Hinckley*, 58 Cal. 457, 483), whereas the Los Angeles city charter sections which govern the payment of pensions are statutes having a special application to the matter of pensions.

It is a general rule of construction that a statute having special application controls a general one. (*Chilson* v. *Jerome*, 102 Cal.App. 635 [283 P. 862].)

In *Nicols* v. *Police Pension Fund Comrs.*, 1 Cal.App. 494 [82 P. 557], the plaintiff raised the trust fund theory in an attempt to secure pension benefits which would otherwise be barred by the statute of limitations. She asserted that the pension fund is held by the commissioners under an express trust in favor of those for whom it was created and consequently the statute of limitations did not run against her until a repudiation of the trust on the part of defendants. In its decision the court pointed out the money which was retained by the treasurer from the employee's pay as a member of the police department and paid into the pension fund was not a contribution to the fund by the employee but was

money of the employing government agency retained in its possession for the creation of the pension fund, and as was held in *Pennie* v. *Reis*, 132 U.S. 464 [10 S.Ct. 149, 33 L.Ed. 426], an employee has no vested right or right of property in the money authorized by the act to be paid upon certain contingencies or the happening of certain events until such contingencies or events shall occur, thus repudiating the proposition that the fund is held under an express trust in favor of the designated beneficiaries.

In an express voluntary trust there must be a subject or trust res, i.e., the trustor must set aside some specific real or personal property. (Civ. Code, §§ 2220-2222; 48 Cal. Jur.2d 664-665.) When the property in the trust is exhausted the trust is extinguished and the trustee's duties in connection therewith are at an end because the object of the trust has become impossible of accomplishment. (Civ. Code, §§ 2279, 2282.) Likewise, if the pension fund is an ordinary voluntary express trust within the meaning of the Civil Code sections referred to, as held by the trial court herein, the trust could be revoked at any time by the trustor city pursuant to section 2280 of the same code. However, under the law, pensions must be paid because they constitute contractual obligations imposed by law and are general obligations of the city.

In *Kern* v. *City of Long Beach*, 29 Cal.2d 848, 856 [179 P.2d 799], the court held the city could not repeal its pension provisions because that would impair its contractual obligations, and in the *Abbott* case, *supra*, it was held for the same reasons that the city could not effect certain modifications of its pension provisions. Defendants point out if the pension fund is to be treated as an ordinary express trust and pensioners could only look to the fund itself, as is the effect of the trial judge's decision in the case before us, there would be no liability on the part of the city or the board to restore or replenish the pension fund once it is exhausted. This is not within the obligations and duties of a trustee as set forth in the series of Civil Code sections dealing with a voluntary trust. (Div. 3, pt. 4, tit. VIII, §§ 2215-2289.)

The pension fund of the defendant city, unlike an ordinary trust, may never be permanently exhausted and thus terminated. The city is obligated to meet all of its lawful pension demands by resort to taxation. (Los Angeles City Charter, §§ 186, 186.2.)

In *England* v. *City of Long Beach*, 27 Cal.2d 343 [163 P.2d 865], the court held pension payments directed to be made by the charter constitute general obligations of the city and are not limited in amount to the funds assigned to the pension fund.

*MacMullan* v. *Kelly*, 19 Cal.App. 700 [127 P. 819], principally relied upon and quoted by the trial court, is to be distinguished from the case at bar. In that case the assessor was forbidden to apportion any overpayment of personal property taxes collected in advance to the state. The governing statute commanded ''the whole thereof shall remain in the county treasury, and must be repaid by the County Treasurer to the person from whom the collection was made, or to his assignee, on demand therefor.'' The court held this indicated a legislative intent to create a trust; the excess moneys received by the treasurer were not moneys of the county; and the treasurer merely held such moneys as a bailee for the rightful owner. We conclude, therefore, the trust fund theory is not applicable to the pension fund.

For the reasons stated in the cases of *Henry* v. *City of Los Angeles, ante,* p. 299 [20 Cal.Rptr. 440] and the other cases consolidated with that case, we approve the second contention of defendants that the 1947 amendment to the city charter (Stats. 1947, pp. 3679-3687) did not create fluctuating pensions to which all plaintiffs in the case at bar are entitled.

We approve the holding of the trial court that the formula for computing fixed pensions adopted in 1927, to wit, average monthly rate of salary received during the three years immediately preceding retirement, is invalid and unconstitutional in respect to members (and their dependents) whose employment began prior to January 17, 1927, and that such plaintiffs are entitled to have their pensions calculated on the pre-1927 formula, to wit, annual salary of the rank of position held one year prior to retirement.

Defendants contend the trial court erred in its holding that prospective widows of plaintiff members who commenced their employment prior to January 17, 1927, are entitled to have their fluctuating pensions calculated upon either the pre-1927 formula (under which pensions were to be based upon a percentage of the annual salary of the rank held one year prior to retirement) or the 1947 formula (which bases pensions upon a percentage or average monthly rate of salary

assigned to the ranks held during the three years before retirement) whichever results in the greater pension. However, under the reasoning of the Supreme Court in the *Abbott* case, *supra,* and as applied by this court in the cases of *Henry* v. *City of Los Angeles, ante,* p. 299 [20 Cal.Rptr. 440] and the other cases consolidated with that case, we hold the trial court to have been correct in its conclusion that if by application of the 1947 formula a benefit results to the pensioner then such benefit should be accorded to the pensioner, but if it results in a detriment then the 1947 formula may not be applied to such pensioner.

With reference to the issue of estoppel as raised by plaintiffs in this case the court found certain actions and conduct on the part of defendants had the effect of estopping the defendants from asserting the defense of the statute of limitations and the claims section of the charter. The facts found by the court were substantially as found by the trial court on the same issue in *Henry* v. *City of Los Angeles, ante,* p. 299 [20 Cal.Rptr. 440] and the other cases consolidated with that case, and no purpose would be served to restate them here. For the reasons indicated in those cases, we hold the defendants are not estopped and that the defense of the statute of limitations and of the claims section of the city charter is applicable.

We agree with the contention of defendants that the running account theory is not applicable to claims for increased pensions so as to prevent the running of the time provided in the claims section of the city charter (§ 376). As material to this point, section 376 of the city charter provides, ". . . all claims for damages against the city must be presented within six (6) months after the occurrence from which the damages arose, and all other claims for damages shall be presented within six (6) months after the last item of the account or claim accrued." Plaintiffs contend each monthly underpayment of a pension amount is part of a running account composed of many items and such items accumulate so that the last item in the account includes all past underpayments. With this contention, the trial court concurred.     It is well settled, however, that the payment of salaries or pensions by a city is not a back or credit account and each payment thereof is a cash transaction. If any mistake arises in respect to any individual payment a cause of action accrues immediately.

The open book account theory was rejected in *Gamble* v. *City of Sacramento*, 43 Cal.App.2d 200 [110 P.2d 530], wherein a police officer sought recovery of certain moneys deducted from his salary for four previous years. The court held the requirement of the city charter that all claims be presented within six months was controlling and barred recovery for any claims which included the filing of a claim by the petitioner.

In the *Abbott* case, *supra*, the defendants herein contended successfully, relying upon *Dillon* v. *Board of Pension Comrs.*, 18 Cal.2d 427, 431 [116 P.2d 37, 136 A.L.R. 800], that a claim must be filed within six months after any given payment accrues, and that if a pension is granted after a claim is filed the pensioner is entitled to receive payments in the future but can recover only those past payments which have accrued within a period of six months prior to the time of making the claim.

We approve defendants' final contention that the trial court erred in entering judgment solely against the board of pension commissioners and in limiting payment of the judgment solely out of the reserve presently existing in the fire and police pension fund, since it is well settled the obligation to pay pensions is an obligation imposed by law upon the city. (*England* v. *City of Long Beach, supra*, 27 Cal.2d 343, 347; *Hermanson* v. *Board of Pension Comrs.*, 219 Cal. 622, 624 [28 P.2d 21].)

The judgment herein must be against the city and not against the pension fund or its administrators. The judgment is affirmed in part and reversed in part and is remanded to the trial court with instructions to enter judgment in conformity with the views expressed herein.

Jefferson, J., and Balthis, J., concurred.

A petition for a rehearing was denied March 28, 1962, and respondents' petition for a hearing by the Supreme Court was denied May 16, 1962.